No. 99,788

STATE OF KANSAS, *Appellee*, v. GARY LEE MORNINGSTAR, JR.,
*Appellant*.

(213 P.3d 1045)

Opinion filed August 14, 2009.

*Kerwin L. Spencer,* of Wellington, argued the cause, and *Rachel L. Pickering,* Kansas Appellate Defender Office, was with him on the brief for appellant.

*Evan C. Watson,* assistant county attorney, argued the cause, and *Kassie L. McEntire,* county attorney, and *Steve Six,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Gary L. Morningstar, Jr., appeals his convictions and sentences for one count of rape of a child under the age of 14 contrary to K.S.A. 21-3502(a)(2); one count of aggravated battery contrary to K.S.A. 21-3414; one count of abuse of a child contrary to K.S.A. 21-3609; and one count of aggravated endangering a child contrary to K.S.A. 21-3608a. For his conviction of rape of a child under the age of 14, Morningstar received a sentence of life imprisonment without the possibility of parole for 25 years and postrelease supervision for life pursuant to K.S.A. 21-4643, commonly referred to as Jessica's Law. He was sentenced to 48 months, 34 months, and 7 months for the remaining convictions. All sentences were ordered to run concurrently.

For the reasons explained below, we affirm the convictions but vacate Morningstar's off-grid severity level sentence under Jessica's Law for rape of a child under the age of 14. We remand for resentencing on that count under the Kansas Sentencing Guidelines Act (KSGA). Our rationale for ordering this resentencing is consistent with this court's recent dispositive holdings in *State v. Bello,* 289 Kan. 191, 199-200, 211 P.3d 139 (2009), and *State v. Gonzales,* 289 Kan. 351, 370-71, 212 P.3d 215 (2009). Both decisions conclude that to sentence a defendant to an off-grid severity level sentence under Jessica's Law for aggravated criminal sodomy under K.S.A. 21-3506 or aggravated indecent liberties with a child under K.S.A. 21-3504, a defendant's age must be determined by a jury. The relevant reasoning in each of those cases is applicable here.

We address three arguments raised by Morningstar in this appeal: (1) whether the jury was required to determine Morningstar was 18 years of age or older before convicting him of rape under K.S.A. 21-3502, or before sentencing him under K.S.A. 21-4643(a); (2) whether the rape instruction was clearly erroneous because it omitted Morningstar's age as an element of rape; and (3) whether there was prosecutorial misconduct during closing arguments. We decline to address Morningstar's alternative arguments regarding a disproportionate/cruel or unusual sentence and the district court's denial of his request for a downward departure sentence.

*Facts and Procedural Background*

On October 13, 2006, Morningstar was home watching B.M., his 6-month-old daughter. Morningstar called B.M.'s mother at work. She testified Morningstar was hysterical, and he asked her to come home because B.M. was bleeding. When the mother got to the apartment, B.M. was naked and lying in an empty bathtub. She put a diaper on B.M., grabbed a blanket, and drove B.M. to the hospital. Later, she told a detective that Morningstar refused to go with them to the hospital. The examining doctor contacted police for a sexual abuse evaluation after determining there was a tear in B.M.'s vaginal wall.

A sexual assault nurse testified B.M. had a 1-centimeter laceration starting at the hymen that "went all the way through or down to her rectum." This nurse testified she had been involved in 188 prior sexual assault cases, and she described B.M.'s injuries as the worst trauma she had ever seen to a child. She also testified the injury was caused by a blunt force trauma extensive enough to cause B.M.'s vaginal skin to rip. Disputing Morningstar's explanation for B.M.'s injuries, the nurse testified there would not be enough force used during a diaper change to cause such damage.

The pediatric surgeon who treated B.M. testified the infant had a "grade three perineal laceration" of the tissues at the back of the vagina and of the anal sphincter that did not extend into the rectum. He described the injury as bad and extremely rare in a child. He testified B.M.'s injury was similar to one that would "occur

perhaps after a precipitous delivery in a woman . . . who had not delivered before."

Morningstar told B.M.'s mother his finger slipped inside B.M. while he was changing her diaper. Morningstar told a detective B.M. had a messy diaper and "in the process of changing that diaper that his daughter had tensed up and that his finger . . . went inside." He also told the detective that he was changing the diaper in a bedroom, and when B.M. became injured, he tried to control the bleeding with wipes and paper towels. In the process, Morningstar told the detective he put B.M. in the bathtub so he could call B.M.'s mother.

The relevant portion of the jury instruction on the rape charge came from PIK Crim. 3d 57.01 and stated:

"The defendant is charged in Count 1 with the crime of rape. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant had sexual intercourse with B.D.M.

"2. That B.D.M. was under 14 years of age when the act of sexual intercourse occurred; and

"3. That this act occurred on or about the 13th day of October, 2006, in Sumner County, Kansas."

Morningstar did not object to this instruction at trial. After Morningstar was convicted as charged, he filed a motion for new trial, arguing the verdict was contrary to the evidence. He also pursued a motion for judgment of acquittal, arguing there was reasonable doubt. Both motions were denied. Morningstar filed a motion for a downward departure sentence, which was also denied. Morningstar timely appealed to this court. Our jurisdiction is proper under K.S.A. 22-3601(b)(1) (off-grid crime; life sentence).

### (1) Is Morningstar's conviction valid?

Morningstar argues his age—specifically, whether he was 18 years of age or older at the time the rape was committed—is an element of rape under K.S.A. 21-3502(a)(2) and under the enhanced sentencing provisions under K.S.A. 21-4643(a)(1). He argues there was insufficient evidence to convict him because the

State did not introduce any evidence that he was 18 years of age or older.

The State does not contest Morningstar's claim that it did not introduce evidence regarding Morningstar's age during trial. Similarly, Morningstar does not dispute he was 18 years of age or older. The complaint listed Morningstar's year of birth as 1985. In his financial affidavit requesting a court-appointed attorney, Morningstar wrote he was born on June 24, 1985, making him 21 years old at the time of the offense.

Therefore, the issues regarding defendant's age are: (1) whether his age is an element of rape under K.S.A. 21-3502(a)(2); and (2) whether his age must be proven to the jury in order to sentence him under Jessica's Law in accordance with the dictates of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Because these questions concern statutory and constitutional interpretation, our review is unlimited. *Bello*, 289 Kan. at 195, 211 P.3d at 142; *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008) (statutory interpretation is a question of law subject to de novo review); *State v. Allen*, 283 Kan. 372, 374, 153 P.3d 488 (2007) (constitutionality of sentencing statute is a question of law subject to unlimited review).

Morningstar was convicted of rape under K.S.A. 21-3502(a)(2). The statute provides in pertinent part:

"(a) Rape is:

. . . .

(2) sexual intercourse with a child who is under 14 years of age;

. . . .

"(c) Except as provided further, rape as described in subsection (a)(1) or (2) is a severity level 1, person felony. Rape as described in subsection (a)(2), *when the offender is 18 years of age or older*, is an off-grid person felony." (Emphasis added.)

K.S.A. 21-3501(1) defines sexual intercourse as "any penetration of the female sex organ by a finger, the male sex organ or any object. Any penetration, however slight, is sufficient to constitute sexual intercourse." The sentences for off-grid crimes are set forth in K.S.A. 21-4706, which provides in relevant part:

"(d) *As identified in K.S.A. . . . 21-3502, . . . and amendments thereto, if the offender is 18 years of age or older and the victim is under 14 years of age,* such violations are off-grid crimes for the purposes of sentencing. Except as provided in K.S.A. 21-4642, and amendments thereto, the sentence shall be imprisonment for life pursuant to K.S.A. 21-4643, and amendments thereto." (Emphasis added.)

Morningstar was sentenced under K.S.A. 21-4643(a)(1), which states:

"[A] defendant who is 18 years of age or older and is convicted of the following crimes committed on or after July 1, 2006, shall be sentenced to a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years . . . .

. . . .

"(B) rape, as defined in subsection (a)(2) of K.S.A. 21-3502, and amendments thereto."

The same crime-defining statutory structure was addressed recently in *Bello.* 289 Kan. at 198, 211 P.3d at 144. In *Bello*, the defendant was convicted of aggravated criminal sodomy under K.S.A. 21-3506 and aggravated indecent liberties with a child under K.S.A. 21-3504. This court noted each of those statutes set forth two separate severity levels of the offense applicable to the acts the defendant committed: one a KSGA nondrug grid box offense and the other an off-grid offense. 289 Kan. at 198, 211 P.3d at 144. The court reasoned:

"The determination of which offense applies turns on whether the offender was age 18 or older when committing the criminal act.

The structure of the crime-defining statutes here is akin to that of the theft statute, K.S.A. 21-3701, which describes varying levels of offenses based upon the additional fact of the stolen property's value. See *State v. Stephens*, 263 Kan. 658, Syl. ¶ 2, 953 P.2d 1373 (1998) (degree of a theft crime determined by the value of the property stolen); *State v. Piland*, 217 Kan. 689, Syl. ¶ 3, 538 P.2d 666 (1975) (where value of stolen property is in issue, trial court should instruct the jury with respect to the *element* of value and require a jury finding as to value). Thus, while K.S.A. 21-4643 reiterates the age factor which elevates the sentence for aggravated criminal sodomy or aggravated indecent liberties with a child to a hard 25 life sentence, that severity-enhancing factor is initially identified in the statutes defining the respective crimes." 289 Kan. at 198, 211 P.3d at 144.

Similarly, the express terms of K.S.A. 21-3502(a)(2) contain two elements of rape: (1) sexual intercourse; and (2) with a child who

is under 14 years of age. The defendant's age is not an element under this statute. It is the enhanced sentencing statute, K.S.A. 21-4643, that requires the additional factual determination about the defendant's age before a court may impose a life sentence. Accordingly, the *Bello* court's logic is applicable to Morningstar's conviction for rape of a child under 14 years of age.

Omitting the defendant's age from a complaint or from jury instructions does not eliminate the existence of the crime of rape of a child under 14 years of age or invalidate a criminal conviction for that offense. But the severity level for the offense is the applicable KSGA severity level stated in K.S.A. 21-3502(c) rather than an off-grid offense. Morningstar's conviction for rape of a child under 14 years of age is valid.

### (2) Is Morningstar's off-grid sentence valid?

A question remains as to whether the failure to instruct the jury on Morningstar's age means the aggravated sentence under Jessica's Law is invalid. When, as here, a party did not object to the instruction at trial, this court reviews the instruction for clear error. See *State v. Cooperwood*, 282 Kan. 572, 581, 147 P.3d 125 (2006). Reversal is proper if and only if there was a real possibility the jury would have returned a different verdict. 282 Kan. at 581. For this issue, we again turn to the rationale in *Bello*, where the court answered this question by applying *Apprendi*. The *Bello* court explained:

"In *Apprendi*, the Supreme Court clarified that merely because a state legislature places a sentence enhancing factor within the sentencing provisions of the criminal code does not mean that the factor is not an essential element of the offense. *Apprendi*, 530 U.S. at 495. If a 'sentencing factor' is used to increase a defendant's sentence beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." (Emphasis omitted.) 289 Kan. at 199, 211 P.3d at 144.

Based on *Apprendi* and its progeny, the *Bello* court stated, "a defendant's right to a jury trial is violated where the judge makes the sentence enhancement factfinding, rather than the jury." 289 Kan. at 199, 211 P.3d at 144. The *Bello* court concluded, "[T]he

fact that Bello was age 18 years or older at the time he committed the offense needed to have been submitted to the jury and proved beyond a reasonable doubt." 289 Kan. at 199, 211 P.3d at 145 (citing *State v. Gould*, 271 Kan. 394, Syl. ¶ 2, 23 P.3d 801 [2001]).

In Morningstar's case, the State also failed to present evidence of his age at trial, and the jury was not instructed to make a finding regarding Morningstar's age. Applying the *Bello* holding to the statutes and facts applicable here, we find that when a defendant is charged with an off-grid severity level offense of rape of a child under 14 years of age, the defendant's age is an element that must be submitted first to the jury and proven beyond a reasonable doubt before a defendant can be sentenced for the off-grid severity level offense specified in K.S.A. 21-4643.

In other words, the instructions issued do not amount to clear error because the rape conviction is valid. But the recommended rape instruction in PIK Crim. 3d 57.01, which was used in Morningstar's case, is insufficient to sentence a defendant to the off-grid offense under K.S.A. 21-4643.

Morningstar's conviction is upheld, but the sentence imposed on him under K.S.A. 21-4643 is vacated. The case is remanded for resentencing on Count One of the complaint (rape of a child under 14 years of age) as a felony on the KSGA nondrug sentencing grid.

### (3) Was there Prosecutorial Misconduct?

Next, Morningstar argues the prosecutor committed misconduct during closing arguments when the prosecutor commented that Morningstar left B.M. unsupervised in the bathtub. Defendant argues these statements referred to evidence that was not in the record, and implied Morningstar attempted to inflict additional harm on the child. We find this argument fails under the prosecutorial misconduct test because the statements at issue did not exceed the wide latitude given prosecutors during closing arguments and the statements were not plain error.

This prosecutorial misconduct claim arises from the following statements made during closing arguments:

"The defendant caused this injury by penetrating [B.M.'s] vagina with such a force that her genitals ripped. Then he laid her in a bathtub and left her alone.

"During this critical medical emergency, the defendant doesn't take [B.M.] to the hospital. He doesn't call 911. He doesn't even stay next to her and comfort her. What he does do is he leaves her alone in the bathtub. He calls B.M.'s mother to come home from work and take care of the situation he caused. Then he cleans up the mess."

Morningstar did not contemporaneously object to the State's comments, but a timely objection is not required to preserve a prosecutorial misconduct claim that occurs during closing statements. *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009); *State v. Decker*, 288 Kan. 306, 314, 202 P.3d 669 (2009). The court employs a two-step analysis regardless of whether a timely objection is made.

First, the court determines whether the prosecutor's statements exceeded the wide latitude of language and manner afforded a prosecutor. Inherent in this latitude is the prosecutor's freedom to argue reasonable inferences from the evidence. Second, the court must determine whether the prosecutor's comments constitute plain error. This occurs when the statements are so gross and flagrant that they prejudiced the jury against the defendant, denying the defendant a fair trial. This requires examination of three factors: (1) whether the misconduct is so gross and flagrant it denied the accused a fair trial; (2) whether the remarks show ill will; and (3) whether the evidence against the defendant is of such a direct and overwhelming nature that the prosecutor's statements would not have much weight in the jurors' minds. *Decker*, 288 Kan. at 314-15; see *State v. Tosh*, 278 Kan. 83, 97-98, 91 P.3d 1204 (2004). None of these three factors is controlling. Further, the third factor can never override the first two factors until the harmlessness tests of both K.S.A. 60-261 (prosecutor's statements were inconsistent with substantial justice) and *Chapman v. California*, 386 U.S. 18, 22, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967) (error had little, if any, likelihood of changing the outcome of trial), have been met. *State v. Scott*, 286 Kan. 54, 78-79, 183 P. 3d 801 (2008).

Morningstar argues the statements fell outside this wide latitude because, he alleges, there is no evidence Morningstar left B.M. in the bathtub unsupervised. On the other hand, the State argues the statements are a reasonable inference based on the evidence. The

record reflects a detective testified Morningstar told her the following:

"[Morningstar] talked about using wipes as well as getting paper towels or using paper towels. He then talked about how he had taken his daughter and put her in the bathtub. . . . He talked about calling [B.M.'s mother] . . . at work and how she had come home shortly thereafter."

We believe it is reasonable to infer from the detective's testimony that she was reciting the sequence of events as given by Morningstar. It also is reasonable to infer Morningstar left the bathroom to call B.M.'s mother. Therefore, the prosecutor did not commit misconduct.

But even if these statements exceeded the prosecutor's wide latitude, they still were not plain error that prejudiced Morningstar's right to a fair trial. There is no evidence of ill will, and the evidence against Morningstar was substantial. Morningstar admitted he caused B.M.'s injuries. There was significant medical testimony that a finger slip during a diaper change would not cause the injury B.M. suffered, which was the excuse Morningstar gave. He also did not accompany his injured daughter to the emergency room. The prosecutor's statements were designed to communicate a callous reaction Morningstar arguably had to B.M.'s injuries. In light of the substantial evidence against him, the prosecutor's statements did not prejudice Morningstar's defense.

Finally, and because it was briefly addressed in oral argument in response to a specific question, we note Morningstar references a tangential issue in his brief that the State failed to properly identify him at trial. But this is raised only in conjunction with the State's failure to establish that Morningstar was 18 years of age or older, and mentioned only under the section of Morningstar's brief dealing with the defendant's age. No real argument is advanced, nor was there any citation to relevant case law in this regard, so we will not consider it. Issues raised in passing that are not supported with argument or cited authority are deemed waived. *State v. Harned*, 281 Kan. 1023, 1048, 135 P.3d 1169 (2006).

In light of our holding, it is unnecessary to address Morningstar's alternative arguments regarding a disproportionate/cruel or unu-

sual sentence and the district court's denial of his request for a downward departure sentence.

Convictions affirmed, sentence as to Count One of the complaint (rape of child under 14 years of age) vacated, and case remanded for resentencing as to Count One.