NOT DESIGNATED FOR PUBLICATION

No. 116,857

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARY LEE MORNINGSTAR, JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed January 5, 2018.
Affirmed.

*S. Brady Short*, of Short Law, of Winfield, for appellant.

*Mathew W. Mullen*, special prosecutor, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: Gary L. Morningstar appeals from the order of the district court dismissing his K.S.A. 60-1507 motion. We find no error and affirm the dismissal.

*Factual and Procedural Background*

In 2007, Gary Morningstar was convicted by a jury of one count of rape of a child under the age of 14, one count of aggravated battery, one count of abuse of a child, and one count of aggravated endangerment of a child. The facts of the case are well-known to the parties and need not be reiterated here.

1

Morningstar was sentenced to life imprisonment with no possibility of parole for 25 years and to lifetime postrelease supervision on the rape conviction and to concurrent sentences on the remaining charges. In August 2009, the Kansas Supreme Court affirmed the convictions but remanded the rape conviction for resentencing because the State had failed to present evidence of Morningstar's age at the time the crime was committed. *State v. Morningstar*, 289 Kan. 488, 494-95, 213 P.3d 1045 (2009) (*Morningstar I*).

In October 2009, the district court conducted a hearing and resentenced Morningstar to a term of 186 months' imprisonment for the rape conviction and imposed a consecutive term of 43 months' imprisonment for the aggravated battery, for a controlling term of 229 months' imprisonment. The district court reimposed the lifetime postrelease supervision. The other two sentences remained unchanged to run concurrently.

Morningstar appealed from the new sentencing, challenging whether the district court on remand could order the aggravated battery sentence, which had originally been imposed concurrently, to now run consecutive to the new rape sentence. The Kansas Supreme Court, in a 5-2 decision, affirmed the district court's order for the rape and aggravated battery sentences to run consecutively. *State v. Morningstar*, 299 Kan. 1236, 1246, 329 P.3d 1093 (2014) (*Morningstar II*).

On October 26, 2015, Morningstar filed a motion pursuant to K.S.A. 60-1507 in the district court. He set out three basic grounds: (1) that lifetime postrelease supervision constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and under § 9 of the Kansas Constitution Bill of Rights—he requested that his postrelease supervision be reduced to 36 months; (2) that his right to equal protection of the laws was violated because he was unable to petition for early discharge from postrelease supervision as were other "similarly situated persons"—he requested to be allowed to so petition; (3) that he received ineffective

assistance of counsel at his resentencing hearing and on his direct appeal therefrom—he requested a period of 21 days to file a motion for rehearing of the Kansas Supreme Court decision in *Morningstar II*.

The district court appointed counsel for Morningstar and on April 18, 2016, issued a pretrial order in anticipation of an evidentiary hearing on the K.S.A. 60-1507 motion. The order was submitted by Morningstar's attorney, approved by the State, and listed four issues to be addressed at the hearing, which essentially corresponded to the issues raised by Morningstar's motion:

> "A. Whether or not [Morningstar's] counsel for the resentencing hearing held on October 29, 2009 was ineffective to the extent his performance fell below a reasonably objective standard and, but for counsel's errors, there is a reasonable possibility there would have been a different outcome in the proceedings.
> "B. Whether or not the [Morningstar's] counsel was ineffective to the extent that her performance fell below a reasonably objective standard and, but for counsel's errors, there is a reasonable possibility there would have been a different outcome in the proceedings.
> "C. Whether or not [Morningstar's] Eighth Amendment protection from cruel and unusual punishment was violated when he was sentenced to a lifetime postrelease term.
> "D. Whether or not [Morningstar] was denied his right to the Equal Protection of the Laws under the Fourteenth Amendment of the United States Constitution since the mandates of K.S.A. 2006 Supp. 22[-]3717(d)(1)(D)(vi) do not apply uniformly to all similarly situated persons convicted of Severity Level 1 person Felonies."

The evidentiary hearing was scheduled for May 31, 2016. However, on May 27, 2016, the district court issued an order granting Morningstar's oral motion to waive his evidentiary hearing and to rescind the subpoenas which had been issued to attorney Kerwin Spencer, who had represented Morningstar at the resentencing hearing, and to attorney Elaine Esparza, who had represented Morningstar on the second appeal.

Morningstar requested the district court proceed to make findings of fact and conclusions of law based on the filings and court records.

On June 29, 2016, the district court issued a written order denying Morningstar relief under K.S.A. 60-1507, ultimately finding the motion "lacks merit as to each of the allegations made therein." Morningstar filed a timely pro se notice of appeal and his attorney also filed a timely notice of appeal as to all adverse rulings, findings of fact, and conclusions of law.

*Initial Procedural Considerations*

We note initially that Morningstar's claims on appeal implicate several potential procedural hurdles.

First of all, it appears from the record on appeal that the Kansas Supreme Court decision in *Morningstar II* was issued on July 18, 2014, and the mandate issued on August 11, 2014. Morningstar filed his K.S.A. 60-1507 motion on October 26, 2015, some 14 and one-half months after the mandate had concluded appellate jurisdiction. He does not set forth in writing, either in his motion or in his appellate brief, any factual or legal basis for a finding of manifest injustice supporting an extension of the one-year statute of limitations set forth in Kansas Supreme Court Rule 183(c)(4) (2017 Kan. S. Ct. R. 222). Further Morningstar does not specifically claim the right to be released from wrongful custody. See Kansas Supreme Court Rule 183(c)(1).

However, the State did not raise the timeliness issue either in district court or in response to this appeal. Generally, in the absence of exceptional circumstances, this court does not consider issues not raised by the parties. *State v. Laborde*, 303 Kan. 1, 7, 360 P.3d 1080 (2015). Rather than requesting additional briefing on the question of timeliness or exceptional circumstances, we will proceed to consider the issues on appeal.

4

Next, we point out that several of the issues raised in this appeal concern matters which could or should have been raised on either or both of Morningstar's prior direct appeals, but were not. Kansas Supreme Court Rule 183(c)(3) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." 2017 Kan. S. Ct. R. 223.

Finally, it appears that several of the issues raised herein were not raised in the district court. The well-established general rule is that issues not raised below are not to be considered for the first time on appeal unless the party affirmatively asserts and explains why an exception to the rule applies. Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34); see *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

*Standard of Review*

An appellate court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2012).

*Lifetime postrelease supervision is not unconstitutional.*

Morningstar raises claims contending that the imposition of lifetime postrelease supervision is a violation of his right against cruel and unusual punishment under § 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution.

Morningstar submits no explanation why these sentencing issues were not raised in either of his direct appeals. In *Morningstar I*, his convictions were affirmed without mention or consideration of any constitutional issues involving lifetime postrelease supervision. Similarly, in *Morningstar II*, the only issue presented was whether the sentences could be imposed consecutively upon resentencing. Morningstar does not address any exceptional circumstances which would excuse his failure to appeal. He appears to run afoul of the prohibition against using a K.S.A. 60-1507 motion as a substitute for a second appeal.

In any event, the district court made findings of fact and reached conclusions of law on these issues, noting the particularly abhorrent nature of the sexual crime for which Morningstar had been convicted. The district court correctly observed that the issues presented by Morningstar have been clearly and definitively addressed by the Kansas Supreme Court in *State v. Cameron,* 294 Kan. 884, 281 P.3d 143 (2012), and *State v. Mossman*, 294 Kan. 901, 281 P.3d 153 (2012), in which the court rejected virtually identical constitutional challenges under both § 9 and the Eighth Amendment.

Morningstar offers no new convincing or persuasive argument, and the district court properly found that he was not entitled to relief on these claims. The *Cameron* and *Mossman* holdings have been consistently reaffirmed in numerous subsequent cases. See *State v. Dull*, 302 Kan. 32, 351 P.3d 641 (2015); *State v. Funk*, 301 Kan. 925, 349 P.3d 1230 (2015); *State v. Seward*, 296 Kan. 979, 297 P.3d 272 (2013). Absent some indication the Supreme Court is departing from its previous position, we are duty bound to follow these precedents. *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d (2015), *rev. denied* 303 Kan. 1078 (2016); *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

Morningstar is not entitled to relief on these claims.

*Lifetime postrelease supervision does not violate the Fourth Amendment.*

Morningstar contends for the first time on appeal that his sentence to lifetime postrelease supervision violates his Fourth Amendment right to be secure in his home and property. This issue was not included in the district court's pretrial order.

Morningstar does not explain why this issue pertaining to his sentence was not raised in either of his prior direct appeals. He also makes no explanation under Supreme Court Rule 6.02(a)(5) as to why the issue should be considered for the first time on appeal.

In any event, Morningstar argues that lifetime postrelease supervision leaves him and his property vulnerable to unreasonable search and seizure. But he generally acknowledges that the weight of precedent is against him and he provides no authority in support of his position. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority is akin to failing to brief an issue. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015). Thus, although the district court did not specifically address this issue, we find that Morningstar is not entitled to relief on this claim.

*K.S.A. 22-3717(d)(1)(D)(vi) does not violate equal protection of the laws.*

Morningstar contends on appeal that his right to equal protection of the laws as guaranteed by the Fourteenth Amendment was violated by the inaccessibility of petitioning for early discharge from postrelease supervision pursuant to K.S.A. 22-3717(d)(1)(D)(vi). He claims that because he was convicted of a severity level 1 crime, he should have been sentenced to the same term of postrelease supervision as others convicted of severity level 1 crimes, such as second-degree murder. He contends there is no rational basis, reason, or sensible explanation for the "significantly different

7

treatment" in allowing a second-degree murderer to petition for early release from supervision when he, as a sexually violent offender, is without hope of being released from supervision.

Once again, Morningstar offers no explanation as to why this issue was not raised in either prior direct appeal. The argument involves the sentences imposed and he makes no claim of any exceptional circumstances excusing the failure to appeal, thereby once again running up against the prohibition against using a K.S.A. 60-1507 motion as a substitute for a second appeal.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Likewise, determining a statute's constitutionality is a question of law subject to unlimited review. The appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the Legislature's apparent intent. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016).

The argument raised by Morningstar is virtually identical to the proportionality analysis rejected by the Supreme Court in *Mossman* and *Cameron.* Although Mossman's argument was not specifically framed in terms of the Fourteenth Amendment, both arguments suggested that the classification of a crime should be based on the guideline severity level rather than on the nature of the offense.

In finding Morningstar's equal protection argument to be unpersuasive, the district court addressed the difference between second-degree murder and sex offenses which provide a rational basis for the imposition of lifetime postrelease, consistent with the Supreme Court's rationale in *Mossman*, 294 Kan. at 909-13. As noted above, since the

8

Supreme Court has not indicated that it is departing from its previous position, we are duty bound to follow the precedent. Morningstar has not shown that he is entitled to relief on this claim.

*Assistance of Counsel at the Resentencing Hearing.*

Morningstar contends that his counsel rendered ineffective assistance during his resentencing hearing.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the fact-finder would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 336 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability, meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Pursuant to Morningstar's waiver of a full evidentiary hearing on his K.S.A. 60-1507 motion, the district court reviewed the case files and rendered findings of fact to

support its conclusion that attorney Spencer provided effective assistance at Morningstar's resentencing.

Morningstar contends that Spencer was ineffective because he did not call to the stand an expert witness who had previously been retained by Morningstar's first attorney. He argues that the evaluation conducted by the expert could have been used to support a mitigated sentence. The district court, however, noted Morningstar's attorney at the original sentence had also not presented evidence from the expert:

> "Morningstar's original attorney, Michael Brown, obtained court authorization to employ Dr. Nystrom prior to Morningstar's original sentencing, yet Brown made no mention of Dr. Nystrom's evaluation of the defendant in his Motion for a Downward Durational And/or [*sic*] Dispositional Departure Sentence, strongly suggesting that Dr. Nystrom's evaluation would not have been helpful to Mr. Morningstar."

Because Morningstar chose to waive his hearing and rescinded the subpoena for Spencer's testimony, we cannot know or speculate on Spencer's reasons for not calling the expert as a witness. We are left with the implication the evidence would not have been helpful and Spencer's strategic decision falls under the broad range of reasonable professional assistance. It is significant to note that Morningstar fails to argue there was even a reasonable probability that, but for Spencer's failure to call the expert witness, he would have avoided the statutory lifetime postrelease.

Morningstar further alleges that Spencer was ineffective for failing to object during the victim impact statement made by the infant victim's mother. However, as the district court correctly noted, the victim of a crime, through an appropriate family member, has a constitutional and statutory right to make a statement at sentencing. See Kan. Const. art. 15, § 15 (2016 Supp.); K.S.A. 2016 Supp. 22-3424(e)(3). Morningstar further claims Spencer was ineffective for failing to object to the prosecutor's statement that the victim was vulnerable due to her age. But the State has a responsibility to argue

10

the circumstances of the crime and the fact that Morningstar committed a reprehensible crime against a six-month-old child is certainly relevant at sentencing.

The failure of counsel to object when there is no legal or factual basis for the objection is not ineffective assistance; indeed, the proper exercise of professional responsibility dictates that counsel refrain from making such unfounded objections.

Finally, Morningstar complains that Spencer failed to argue that lifetime postrelease supervision violates the Eighth Amendment. But, as we have determined above that Morningstar's Eighth Amendment claim is without merit, Spencer's failure to raise the issue does not constitute ineffective assistance of counsel.

Since Morningstar did not designate the transcript of the resentencing hearing on the record of appeal, we are unable to make a de novo review of that proceeding. The district court's findings and conclusions, based on its review of the files and pleadings, recite substantial competent evidence and sound legal conclusions which demonstrate that Spencer's conduct fell well within the broad range of reasonable professional assistance. Morningstar has not met his burden to prove otherwise.

*Assistance of Appellate Counsel*

Morningstar also contends he received ineffective assistance of counsel from attorney Esparza because she did not file a timely motion for rehearing with the Kansas Supreme Court following the decision in *Morningstar II.* Evaluation of the assistance of appellate counsel generally follows the parameters discussed above regarding assistance of trial counsel.

Morningstar claims that because the decision in *Morningstar II* was a 5-2 decision, he wanted Esparza to file a motion for rehearing. It is uncontroverted that Esparza failed to file such a motion.

Since Morningstar waived his hearing and rescinded the subpoena to Esparza, we do not have the benefit of her explanation. Even if we assume, solely for the sake of argument, that such failure constitutes deficient performance, Morningstar simply fails to meet his burden to demonstrate how he was prejudiced by such failure. His proposed motion would have only raised issues which the dissenting justices had already raised and which the majority had already rejected. We are not persuaded that there was a reasonable possibility that the discretionary motion for rehearing would have been granted and even less possibility that the decision would be reversed.

Morningstar also contends that he also requested Esparza to file a petition for writ of certiorari to the United States Supreme Court. However, the record on appeal fails to document when and how such request was conveyed and whether Esparza actually received such a request. Regardless, the district court accurately concluded that Morningstar's allegation failed as a matter of law since there is no statutory or constitutional right to counsel in order to pursue discretionary applications for review by the United States Supreme Court.

*Kansas Supreme Court Rule 183(j)*

For the first time on appeal, Morningstar contends the district court did not "fully comply" with Kansas Supreme Court Rule 183(j), which requires the district court to make findings of fact and conclusions of law after a preliminary or full evidentiary hearing on all issues presented in a K.S.A. 60-1507 motion. This is a question of law over which we exercise unlimited jurisdiction. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

First of all, Morningstar's argument runs afoul of Supreme Court Rule 6.02(a)(5) and is potentially subject to dismissal. See *Godfrey*, 301 Kan. at 1044. Further, while Morningstar claims to challenge the adequacy of the district court's findings of fact and conclusions of law, he fails to articulate any deficiencies which fail to comply with Rule 183(j). A point raised incidentally in a brief and not argued therein is deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013).

In any event, we find that the written findings of fact and conclusions of law filed by the district court fully comply with both the spirit and letter of Rule 183(j). The district court here went out of its way to accommodate Morningstar by accepting his K.S.A. 60-1507 motion even though it appeared to be untimely, by appointing counsel, conducting a pretrial conference to clarify the unresolved issues to be decided, and scheduling an evidentiary hearing, which included issuance of subpoenas to Morningstar's witnesses and an order to transport him from prison to court. When Morningstar voluntarily waived the evidentiary hearing, the district court undertook an apparently full and complete review of the files and records and engaged in legal research to support its findings of fact in a detailed written order. We are at a loss to suggest any other or further steps the district court could have taken in order to provide Morningstar with yet another day in court.

*Separation of Powers*

For the first time on appeal Morningstar raises a somewhat convoluted argument that certain statutes and administrative regulations violate the separation of powers doctrine and are, therefore, unconstitutional. This issue was not set forth in the pretrial order, nor was it addressed in the order denying the K.S.A. 60-1507 motion.

Although this issue pertains to the effects of his lifetime postrelease supervision, Morningstar fails to suggest any exceptional circumstances which excuse his failure to

13

raise the issue on either of his prior direct appeals, thereby once again running afoul of Supreme Court Rule 183(c)(3). He also wholly fails to attempt any explanation of why the issue was not raised below or why it should be considered for the first time on appeal per Supreme Court Rule 6.02(a)(5). Pursuant to the rule announced in *Godfrey*, 301 Kan. at 1044, we will not further consider this issue.

*Conclusion*

We find that the order of the district court denying Morningstar's K.S.A. 60-1507 motion is based on substantial evidence which supports the proper legal conclusions reached. The judgment is, therefore, affirmed.

Affirmed.