NOT DESIGNATED FOR PUBLICATION

No. 119,374

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TEILL S. REYNOLDS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed October 18, 2019. Affirmed.

*Teill S. Reynolds*, appellant pro se.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Teill S. Reynolds appeals the summary denial of his motion under K.S.A. 2018 Supp. 60-1507 for relief from his convictions. This is Reynolds' third attempt to raise predominantly the same arguments. They can be divided into three categories of claims—those he raised or could have raised in his direct appeal, ineffective assistance of counsel, and lack of jurisdiction because of defective charging documents. None of his arguments have merit. We affirm.

FACTS

Reynolds again challenges his conviction and sentence. A summary of the facts and procedural posture of his prior cases are necessary to address Reynolds' current appeal.

The State charged Reynolds with aggravated indecent liberties with T.R., a child who was under 14 years old, and two counts of rape of T.R.—all off-grid person felonies. Before trial, the State withdrew the aggravated indecent liberties charge and added one count of battery, a class B person misdemeanor. Police, family members, T.R., and Reynolds testified at trial. Reynolds also stipulated in jury instruction 9 that he was over 18 years old and T.R. was under 14 years old at the time of both offenses. He did not object to the other jury instructions. The jury found Reynolds was 18 years old or older and convicted him of two counts of rape of a child under 14 years old and one count of battery.

Reynolds was sentenced to imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years for each count of rape and 6 months for misdemeanor battery. All three counts were ordered to run concurrent to each other.

*Reynolds I—Direct appeal*

In his direct appeal, Reynolds argued the trial court, prosecutor, and his trial counsel all committed reversible errors. *State v. Reynolds*, No. 109,674, 2014 WL 6909523, at *4, 10-14 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1019 (2015) (*Reynolds I*). Reynolds claimed the trial court erred when it: (1) admitted his statement to police because he did not give it voluntarily; (2) denied admission of T.R.'s school records; (3) denied his motion for a new trial; (4) denied a motion to continue his sentencing hearing; and (5) denied his motion for a downward departure at

sentencing. Reynolds further claimed the State committed prosecutorial error during closing argument. He also argued his trial counsel was ineffective by failing to prepare for trial, call a witness, properly cross-examine T.R., and renew the objection to the voluntariness of Reynolds' statement to police. 2014 WL 6909523, at *4, 10-14.

A panel of this court affirmed Reynolds' convictions in *Reynolds I*, finding his arguments were either not persuasive or preserved for review. See 2014 WL 6909523, at *4-14. Our Supreme Court denied Reynolds' petition for review. See 302 Kan. 1019.

*Reynolds II—Motions to correct an illegal sentence*

Reynolds filed various pro se motions to correct an illegal sentence before the *Reynolds I* decision was final. He claimed the trial court lacked jurisdiction because the charging documents did not include his age or a reference to Jessica's Law—K.S.A. 21-4643(a)(1) (now K.S.A. 2018 Supp. 21-6627[a][1]). He also argued the trial court failed to give an instruction regarding whether he was age 18 or older and the State failed to present evidence of the same. The district court received the mandate from *Reynolds I* and denied Reynolds' pro se motions to correct an illegal sentence. Reynolds timely appealed. A panel of this court affirmed, finding Reynolds was attacking his conviction, not his sentence. *State v. Reynolds*, No. 118,961, 2018 WL 5851617, at *1, 2 (Kan. App. 2018) (unpublished opinion) (*Reynolds II*).

*Reynolds' current K.S.A. 60-1507 motion*

Reynolds filed his motion for habeas relief under K.S.A. 2018 Supp. 60-1507 before the decision in *Reynolds II* was final. He raised the same arguments made in *Reynolds I* and *Reynolds II*, along with three new arguments: (1) there was insufficient evidence to support his conviction; (2) the prosecutor threatened his witness, solicited false testimony, and maliciously prosecuted him; and (3) his trial counsel was ineffective

3

for reasons beyond those asserted in *Reynolds I*. The district court dismissed his 60-1507 motion, noting it lacked jurisdiction because *Reynolds II* was pending on appeal. Reynolds then filed several more pro se motions, requesting a hearing.

The district court summarily denied Reynolds' request for relief, finding *Reynolds I* addressed his claims of prosecutorial error, ineffective assistance of counsel, and the exclusion of T.R.'s school records. The court also found his defective complaint arguments lacked merit because the charging documents contained the essential elements of the charged offenses. Finally, the district court found Reynolds' claim of insufficient evidence was premised on conclusory statements and he should have raised the argument on direct appeal in *Reynolds I*. Reynolds timely appealed. Months later, this court issued its decision in *Reynolds II*, 2018 WL 5851617, at *1.

ANALYSIS

Reynolds now claims the district court erred when it summarily denied his 60-1507 claims. To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2018 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228) (preponderance burden).

A district court has three options when handling a 60-1507 request for relief:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then

4

determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To avoid the summary denial of a 60-1507 motion, the moving party must show he or she is entitled to an evidentiary hearing. *Sola-Morales*, 300 Kan. at 881 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]). To meet this burden, a movant's contentions must be more than conclusory. 300 Kan. at 881. The movant must set forth an evidentiary basis to support the claims or the evidentiary basis must appear in the record. 300 Kan. at 881. If the movant meets this burden, the court is "'required to grant a hearing, unless the motion is "second" or "successive" and seeks similar relief.'" 300 Kan. at 881 (quoting *Holmes*, 292 Kan. at 274); see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

When the district court summarily denies a 60-1507 motion, an appellate court exercises de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881. Here, the district court summarily denied Reynolds' request for relief. Therefore, we will apply de novo review to the three general categories of Reynolds' claims: (1) those he raised or could have raised in *Reynolds I*; (2) ineffective assistance of counsel; (3) and lack of jurisdiction because of defective charging documents.

*Claims barred as a result of Reynolds I.*

Reynolds' first set of complaints allege the trial court erred because:

- His statement to police was not voluntary;
- The evidence to support his conviction was insufficient;
- The State committed prosecutorial error;

5

- The prosecutor intimidated a witness;
- The prosecutor solicited false testimony;
- The prosecutor engaged in malicious prosecution; and
- The prosecutor bolstered a witness' credibility in closing arguments.

The district court found the *Reynolds I* panel addressed Reynolds' claims of prosecutorial error. It also found his insufficient evidence claim was based on conclusory statements, and he failed to argue the issue in *Reynolds I*. The district court did not address the voluntariness of Reynolds' statement to police. Even so, the error is harmless. The State asserts all of the claims listed above are barred from appellate review. We agree; they are issues previously raised in *Reynolds I* or that could have been raised therein. See Supreme Court Rule 183(c)(3) (2019 Kan. S. Ct. R. 229) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal.").

*The district court's dismissal of Reynolds' ineffective assistance of counsel claims was erroneous, but the error was harmless.*

Reynolds has seven remaining claims of ineffective assistance of trial counsel. He claims the district court should have granted him a new trial because his trial counsel allegedly failed to:

1. Hire an expert to refute the State's expert testimony of interviewing techniques;
2. Properly prepare and cross-examine the nurse who examined T.R.;
3. Properly prepare and cross-examine personnel who interviewed T.R.;
4. Establish Reynolds' theory of defense;
5. File a notice to his alibi defense and subpoena witnesses;

6

6. File a motion to arrest judgment; and

7. Object to the prosecutor's alleged violation of the motion in limine.

The State argues Rule 183(c)(3) or res judicata bar the remainder of Reynolds' ineffective assistance of counsel claims. Interpretation of a Supreme Court Rule and application of res judicata are questions of law subject to unlimited review. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015); *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013).

The State is incorrect. Reynolds' claims survive Rule 183(c)(3) because exceptional circumstances include claims of ineffective assistance of counsel. *State v. Rowland*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). Similarly, res judicata does not bar a defendant from raising an ineffective assistance of counsel claim, even if it relates to issues raised on direct appeal. *Grossman v. State*, 300 Kan. 1058, 1062-63, 337 P.3d 687 (2014). However, Reynolds' briefing of this issue is insufficient to show the district court erred in denying him a new trial. He makes conclusory statements in his brief for which he provides no factual support from the record. He also fails to properly argue or analyze the issue. His brief only mentions his complaints about his trial counsel's performance in passing. Issues raised incidentally in a brief and not argued therein are deemed waived and abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Because Reynolds fails to explain why he believes any of these conclusory statements are entitled to appellate review and provides no factual support or analysis for his claims, he has waived and abandoned them. See 306 Kan. at 1089.

The district court dismissed these claims for other reasons, but this court may still affirm its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (upholding a district court decision even though it relied on the wrong ground or assigned erroneous reasons for its decision).

7

*The charging documents were sufficient.*

Reynolds claims defects in the charging documents invalidate the trial court's jurisdiction to convict and sentence him. Whether jurisdiction exists is a question of law subject to unlimited appellate review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Further, interpretation of a Supreme Court Rule and application of res judicata are questions of law subject to unlimited review. *Cain*, 302 Kan. at 434; *Rinehart*, 297 Kan. at 942.

The State argues this claim is barred by Rule 183(c)(3) and res judicata. The State is incorrect. Questions of jurisdiction may be raised at any time, so Reynolds' claim survives Rule 183(c)(3) and res judicata. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 33, 392 P.3d 82 (2017). Reynolds argues the trial court lacked jurisdiction to convict and sentence him for rape because the charging documents did not include his age or a reference to Jessica's Law. He also argues the State could not charge him for any lesser included offense of rape because the court lacked jurisdiction. His arguments lack merit.

A.      *Failure to allege Reynolds' age in his charging documents does not affect jurisdiction.*

Reynolds contends the trial court lacked jurisdiction because the State failed to include his age in his charging documents. His argument fails.

Prosecutions are brought upon a complaint, indictment, or information. K.S.A. 22-3201. These are often called charging documents. Evaluation of defective charging documents involves the interpretation of statutes, constitutional provisions, and written instruments; the standard of review for such challenges raised on appeal is de novo. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016).

8

Reynolds argues his claim is governed by *State v. Portillo*, 294 Kan. 242, 274 P.3d 640 (2012). However, our Supreme Court reversed *Portillo* and a long line of other precedent in *Dunn*, holding charging document deficiencies do not remove subject matter jurisdiction over criminal cases. *Dunn*, 304 Kan. at 810-12. Instead, our Supreme Court found subject matter jurisdiction is granted to the courts by the Kansas Constitution. 304 Kan. at 811. The *Dunn* court also noted even when the defendant's age is an essential element of an offense, a charging document is not deficient for failing to include it. 304 Kan. at 813. By naming the defendant and specifying the date of the alleged offense, charging documents inherently include the defendant's age. 304 Kan. at 813. The named defendant has notice and a fair opportunity to defend himself or herself from the charges, even if the defendant's age is not included in the charging documents. 304 Kan. at 813.

Here, the State named Reynolds, alleged he was "eighteen or more years old," and listed the offense dates in the original information and each amended information. Failing to include Reynolds' age does not render the charging documents deficient because his age was inherently provided therein. See *Dunn*, 304 Kan. at 813. Even without providing his exact age, the State provided Reynolds adequate notice of the charges against him; thus, there was no error. See 304 Kan. at 813. Moreover, even if the charging documents were deficient, they would not remove the trial court's jurisdiction because jurisdiction comes from the Kansas Constitution, not the charging document. See 304 Kan. at 811.

Reynolds also argues the lack of jurisdiction prevents the trial court from resentencing him for a lesser charge. However, as previously discussed, the trial court did not lack jurisdiction, so Reynolds' argument lacks merit.

> B.      *A specific reference to "Jessica's Law" in the charging documents was not required.*

*Dunn* recognizes three categories of charging document defects:

9

1. Whether the document shows the Kansas constitutional minimums of correct court and correct territory are met;

2. Whether the document alleges facts about the intent and action on the part of the defendant that, if proved beyond a reasonable doubt, would constitute a violation of a Kansas criminal statute; and

3. Whether the charging document meets federal and state constitutional standards for due process and notice. 304 Kan. at 815.

Reynolds alleges the State's failure to list Jessica's Law in the charging documents violates his notice and due process rights under the Fourteenth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights. Thus, Reynolds appears to allege a violation of *Dunn's* third category of charging document defects. See *Dunn*, 304 Kan. at 815-16. For defects that may violate a defendant's federal constitutional rights, "the court will be guided by the test for harmlessness applicable to federal constitutional error." 304 Kan. at 817 (citing *Chapman v. California*, 386 U.S. 18, 22-24, 87 S. Ct. 824, 17 L. Ed. 2d 705 [1967]). A "similarly stringent" test applies to claims of error implicating state constitutional due process or notice rights. 304 Kan. at 817. We review these challenges de novo. 304 Kan. at 819.

Defendants have a right under the Sixth Amendment to the United States Constitution to notice of the charges filed by the State. See *Dunn*, 304 Kan. at 814. K.S.A. 22-3201(b) requires a complaint, information, or indictment to be "a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient." A charging document is sufficient when it has alleged facts establishing the defendant committed a crime recognized in Kansas. 304 Kan. at 811-12.

Reynolds argues he did not have sufficient constitutional notice his offenses were subject to sentencing as Jessica's Law crimes. But our Supreme Court has explained the

10

State's charging documents need only notify the defendant of the charged offenses, not the mandatory sentencing provisions of K.S.A. 2018 Supp. 21-6627(a)(1), commonly known as Jessica's Law. See *State v. Morningstar*, 289 Kan. 488, 493-94, 213 P.3d 1045 (2009); *State v. Bello*, 289 Kan. 191, 197-98, 211 P.3d 139 (2009).

In *Morningstar*, the defendant was convicted of rape under K.S.A. 21-3502(a)(2) (sexual intercourse with a child under 14 years old when the defendant was 18 years old or older). Because Morningstar was age 18 years old or older, he was sentenced for an off-grid felony under Jessica's Law, then codified as K.S.A. 21-4643(a)(1). Our Supreme Court explained Jessica's Law was the sentencing statute and K.S.A. 21-3502(a)(2) was the crime-defining statute. 289 Kan. at 493 (citing *Bello*, 289 Kan. at 198.)

Like *Morningstar*, in *Bello*, a jury convicted Bello of an off-grid person felony— aggravated indecent liberties with a child under the age of 14—when he was 18 years old or older. Bello was sentenced to a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years under Jessica's Law. Bello claimed he was convicted under Jessica's Law. The Kansas Supreme Court rejected his argument, explaining Jessica's Law did not establish the aggravated form of the crime. 289 Kan. at 197. Instead, the court reasoned the crime-defining statute was the aggravated indecent liberties offense, while Jessica's Law was part of the sentencing statutes. 289 Kan. at 197. The court likened this statutory structure to Kansas' theft statute "which describes varying levels of offenses based upon the additional fact of the stolen property's value." 289 Kan. at 198. Like theft, defendants face varying levels of aggravated indecent liberties convictions depending on the age of the defendant. A defendant under 18 years old at the time of the offense faces a conviction for an on-grid nondrug person felony under the Kansas Sentencing Guidelines Act, whereas a defendant who is 18 years old or older faces a conviction for an off-grid person felony. See 289 Kan. at 197-98.

11

Here, the State sufficiently notified Reynolds when it pursued two counts of "unlawfully and knowingly commit[ting] sexual intercourse with [T.R.], who was under 14 years old, while the offender was eighteen or more years old, in violation of K.S.A. 21-3502(a)(2). (Rape, Off Grid, Person Felony)." As in *Morningstar,* Reynolds' crime-defining statute is Rape—K.S.A. 21-3502(a)(2) (now K.S.A. 2018 Supp. 21-5503[a][3])—as clearly described in the charging documents. Jessica's Law is not the crime-defining statute; it is the sentencing statute. See *Morningstar,* 289 Kan. at 493; *Bello,* 289 Kan. at 197. Constitutional notice requires the State provide notice of the crime charged, not notice of the sentence. Thus, the charging documents did not need a specific reference to Jessica's Law. See *Dunn,* 304 Kan. at 814.

> C.    *Even if failing to refer to Jessica's Law in the charging document was error, the error was harmless.*

The level of certainty by which a court must be convinced an error is harmless depends on whether the error implicates a statutory or constitutional right. See *State v. Ward,* 292 Kan. 541, 565, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Charging document errors that may infringe on a defendant's federal constitutional rights are analyzed under the federal harmless error standard. *Dunn,* 304 Kan. at 817 (citing *Chapman,* 386 U.S. at 18). For such claims, a court will declare a constitutional error harmless only "where the party benefitting from the error proves beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.,* proves there is no reasonable possibility that the error affected the verdict." *Ward,* 292 Kan. at 569 (citing *Chapman,* 386 U.S. at 18). For alleged violations of a defendant's state constitutional rights, the court applies a "similarly stringent" test. See *Dunn,* 304 Kan. at 817.

Here, any violation of Reynolds' federal and state constitutional rights is harmless. Counts one and two of the charging documents alleged Reynolds committed the off-grid

person felony offense of rape of a child under 14 years old and he was 18 years old or older at the time of the offenses. This is sufficient notice of his potential sentence. See *Dunn*, 304 Kan. at 814. Moreover, Reynolds testified at trial he and police officers discussed his possible sentence under Jessica's Law. Any failure to explicitly list Jessica's Law in the charging documents would not change the outcome of Reynolds' trial when viewed in the light of the entire record. See *Ward*, 292 Kan. at 569. We affirm the district court's decision to summarily deny Reynolds' 60-1507 motion. See *Sola-Morales*, 300 Kan. at 881 (district court may summarily deny 60-1507 motion when "the motion, files, and case records conclusively show the prisoner is entitled to no relief").

Affirmed.