IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,972

STATE OF KANSAS,
*Appellee*,

v.

CEDRIC M. WARREN,
*Appellant*.

SYLLABUS BY THE COURT

1.

When multiconviction cases are remanded for resentencing, the Kansas Sentencing Guidelines Act prohibits district courts from modifying sentences that have not been vacated by the appellate court. An exception exists when the district court must alter such a sentence as a matter of law to avoid an illegal sentence.

2.

Under the facts of this case, by modifying the off-grid sentence to run consecutive to those for the on-grid counts, the district court on remand made an improper de facto modification to the sentences that had not been vacated on appeal and acted inconsistent with the service of sentence sequence contemplated in K.S.A. 21-4720(b)(2).

Appeal from Wyandotte District Court; Bill Klapper, judge. Opinion filed March 9, 2018. Sentence vacated, and case remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

1

*Daniel G. Obermeier*, assistant district attorney, argued the cause, and *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The decision of the court was delivered by

NUSS, C.J.: Cedric Warren challenges his resentencing after the original hard 50 life sentence for his premeditated first-degree murder conviction was held unconstitutional and vacated on appeal. On remand the district court imposed a hard 25 life sentence (lifetime sentence without the possibility of parole for 25 years) for that conviction and ran it consecutive to his sentences for his two on-grid crimes. For those crimes, the court also changed his two nonvacated sentences in length and sequence.

Warren asserts that our holding in *State v. Guder*, 293 Kan. 763, 267 P.3d 751 (2012)—together with the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq. (KSGA)—bars the district court from resentencing on any nonvacated counts. The State primarily responds that *Guder* should be overruled.

We affirm *Guder*. We also disagree with the State's contention that even if the nonvacated sentences must be reinstated under *Guder*, the vacated sentence for the premeditated first-degree murder conviction can be changed from running concurrent with the sentences to the other crimes to running consecutive to them.

So we again vacate and remand for resentencing. In short, Warren's original sentences for second-degree murder and attempted first-degree murder shall be reinstated and they shall run concurrent with his new hard 25 sentence for premeditated first-degree murder.

FACTS AND PROCEDURAL HISTORY

For acts that occurred on February 13, 2009, Cedric Warren was convicted of: (1) premeditated first-degree murder, an off-grid felony; (2) second-degree murder, an on-grid severity level one person felony; and (3) attempted first-degree murder, another on-grid severity level one person felony. Warren's original sentences included a hard 50 life sentence for his premeditated first-degree murder conviction and 155 months for each of his other two convictions, both of which were ordered to be served concurrently with the hard 50 sentence.

In *State v. Soto*, 299 Kan. 102, 322 P.3d 334 (2014), this court later determined that Kansas' hard 50 sentencing statute was unconstitutional pursuant to the United States Supreme Court's ruling in *Alleyne v. United States*, 570 U.S. 99, 111-17, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Alleyne* held that a person's right to a jury trial under the Sixth Amendment to the United States Constitution requires that any fact increasing a mandatory minimum sentence for a crime must be proved to a jury beyond a reasonable doubt. Given that our hard 50 procedure allowed a judge to find the existence of one or more aggravating factors instead of requiring a jury to find those factors beyond a reasonable doubt, that procedure violated the Sixth Amendment. 299 Kan. at 124.

This unconstitutional sentencing procedure had been used in Warren's case where—before barred by *Alleyne* and *Soto*—the sentencing judge rather than the jury made the necessary factual findings that resulted in the increased sentence. As such, his three convictions were affirmed but the hard 50 life sentence was vacated and the case was remanded for resentencing. *State v. Warren*, 302 Kan. 601, 624, 356 P.3d 396 (2015).

On remand, the State had two options. First, it could seek reimposition of the hard 50 sentence for Warren's premeditated first-degree murder conviction. This option would

require impaneling a jury and presenting it with facts to support the requested sentence. Or second, the State could seek a lesser sentence for that conviction, i.e., one which the judge could constitutionally impose without a jury. The State chose the latter path.

In effect, at Warren's resentencing the district court treated the remand order as having vacated all three of Warren's sentences. It imposed a hard 25 for the premeditated first-degree murder conviction and 150 months for each of the other two convictions. It also orally ordered the entire sequence changed—"that the sentences run consecutively," not concurrent as originally imposed. See *Love v. State*, 280 Kan. 553, 560, 124 P.3d 32 (2005) (criminal sentence is effective when pronounced from the bench).

The later journal entry memorializes that count 2 (murder in the second degree, intentional) is to run consecutive to count 1 (murder in the first degree). It further provides that count 3 (attempted murder in the first degree) is to run consecutive to counts 1 and 2. It recaps the "Total Prison Term" as "Life (hard 25) + 300 mos," i.e., consecutive sentences.

This court's jurisdiction is provided by K.S.A. 22-3601(b)(3) (life sentence imposed).

ANALYSIS

Issue: *The district court erred in resentencing Warren's two nonvacated on-grid sentences and ordering all three counts to run consecutive.*

Warren argues that under the KSGA the district court erred on remand in changing both the term-of-months and the concurrent/consecutive nature of his two on-grid sentences for counts 2 and 3. He argues this court has held the KSGA abrogated the common law authority of district courts to resentence all counts when only one sentence

4

is vacated. See *Guder*, 293 Kan. 763. So he contends that the court should have only resentenced for his vacated hard 50 sentence for the premeditated first-degree murder conviction, i.e., count 1.

As mentioned, the State responds this court improperly decided *Guder* and the common law authority of district courts on remand to resentence on all counts should have been left intact.

*Standard of review*

The interpretation of sentencing statutes is a question of law over which this court exercises unlimited review. Whether a district court has complied with the mandate of an appellate court is also a question of law. *Guder*, 293 Kan. 763.

*Discussion*

Historically, as seen in cases like *State v. Woodbury*, 133 Kan. 1, 298 P. 794 (1931), Kansas courts had broad common law discretion to modify sentences on remand. Sentences were regarded as a singular entity that could not be subdivided into correct and incorrect counts. So remand for resentencing on one count allowed all counts to be resentenced as the courts saw fit. But this common law principle has been nullified by subsequent statutory changes to sentencing in Kansas, specifically the KSGA as this court held in *Guder*.

Rolland D. Guder was originally sentenced to a standard drug grid block sentence of 162 months for a drug manufacturing conviction, with several additional counts to run concurrent with this sentence. Upon appeal, Guder's drug manufacturing sentence was vacated and remanded for resentencing under the proper severity level. The new sentence

for the drug manufacturing conviction was only 32 months. However, the district court also changed other sentences so that the manufacturing sentence ran consecutive to, rather than concurrent with, the others. *Guder*, 293 Kan. at 764.

Because of the KSGA, this court specifically held that "a district court has no authority to modify a sentence unless plain statutory language provides such authority." *Guder*, 293 Kan. at 766. We analyzed the relevant Kansas sentencing statutes and determined that the 1992 amendments deprived the district courts of the jurisdiction to modify sentences except to correct arithmetic or clerical errors, to consider or reconsider departures from presumptive sentences, or to modify sentences by reinstating previously revoked probations. 293 Kan. at 766.

We also determined that when the legislature enacted the KSGA, it explicitly addressed remands following reversal in K.S.A. 21-4720(b)(5). That statute states that if a conviction of the primary crime is reversed on appeal, the sentencing court is to follow all of the KSGA provisions concerning sentencing in multiple conviction cases. We further held in *Guder* that nothing in the statutory scheme allows resentencing on other convictions following the vacating of a sentence on appeal.

We stated then, and confirm now, that we will not add words to the statute that would provide jurisdiction to resentence on other counts when only the sentence on the primary conviction is vacated. We so held because the court "ascertains the legislature's intent through the statutory language it uses, and it will not read a statute to add something not readily found in it." *Guder*, 293 Kan. at 766-67.

We explicitly held in *Guder* that the KSGA statutory changes to sentencing abrogated the common law authority of district courts to modify any sentences that were not vacated on appeal. Applying that holding here requires that Warren's original

6

sentences for counts 2 and 3—each for 155 months and running concurrent to count 1—be reinstated.

In the alternative to our overruling *Guder*, the State contends that even if the original sentences for Warren's second and third convictions must be reinstated, the new sentence for Warren's premeditated first-degree murder conviction can nevertheless be ordered to run consecutive to the original sentences. We disagree for several reasons.

To begin our analysis, we acknowledge that typically a district court has the discretion on whether to originally impose concurrent or consecutive sentences in multiple conviction cases. K.S.A. 21-4720(b). This rule is necessarily subject, however, to our holding that on remand only the vacated sentence can be changed. *Guder*, 293 Kan. at 767. And to change Warren's sentence for the premeditated first-degree murder conviction from concurrent with—to consecutive to—the others would be an impermissible de facto modification of them.

Simply put, when Warren was first sentenced, because each count was to run concurrent, he was effectively serving each of his three sentences. Changing the life sentence from concurrent to consecutive on remand would make all of Warren's served time count toward only the premeditated first-degree murder sentence for the first 25 years, i.e., the sentences for the other crimes would not begin until completion of his hard 25. See K.S.A. 21-4720(b)(2) ("If sentences for off-grid and on-grid convictions are ordered to run consecutively, the offender shall not begin to serve the on-grid sentence until paroled from the off-grid sentence."). So the effect of this change constitutes an improper modification of the nonvacated second and third sentences. See *Gruder*, 293 Kan. at 766-67.

The State argued the change from concurrent to consecutive was authorized by *State v. Morningstar*, 299 Kan. 1236, 329 P.3d 1093 (2014) (*Morningstar II*). As explained below, however, that decision is distinguishable in at least several ways.

In *Morningstar*, the defendant was convicted of four offenses: rape of a child under 14, aggravated battery, abuse of a child, and child endangerment. He was sentenced to an off-grid hard 25 life sentence for the rape conviction as required by Jessica's Law. Each of the other three counts were then sentenced according to the KSGA grid block with the aggravated battery sentence being designated as the base sentence for the primary crime because it was his highest severity level grid offense. See K.S.A. 21-4720(b)(2). The three terms-of-years sentences were ordered to run concurrent with each other and with the off-grid hard 25 life sentence for the rape conviction. This court vacated the off-grid rape sentence and remanded for resentencing on that conviction on the KSGA nondrug sentencing grid. *State v. Morningstar*, 289 Kan. 488, 495, 213 P.3d 1045 (2009) (*Morningstar I*).

On remand, the court and counsel recognized that imposing a grid sentence for rape also implicated Morningstar's aggravated battery sentence because the rape conviction now replaced aggravated battery as his highest severity level grid offense. Accordingly, the court was required to apply his full criminal history to solely the rape conviction which required deleting it from the calculations for aggravated battery. This resulted in resentencing on the aggravated battery conviction, which in turn reduced that sentence from 48 to 43 months. *Morningstar II*, 299 Kan. 1236; *Morningstar I*, 289 Kan. at 489-90. In short, because of the remand on the rape sentence, the nonvacated aggravated battery sentence now needed modification to be a lawful sentence. But Warren has no *Morningstar*-style justification to modify his nonvacated sentences—whether in purpose or effect.

8

Additionally, Morningstar argued the district court erred on remand in changing the original rape sentence (now 186 months) to run consecutive to the other sentences—when originally the other sentences had been ordered to run concurrent with the hard 25 rape sentence. We rejected his argument, noting that running the on-grid sentences for rape and aggravated battery consecutive was not prohibited by the statutes at issue there. *Morningstar II*, 299 Kan. at 1245-46 ("In multiple-conviction cases, K.S.A. 21-4720 does not dictate the order in which consecutive grid sentences must be imposed or served.").

By contrast, ordering Warren's *off*-grid sentence for premeditated first-degree murder to run "consecutive to" his on-grid sentences is inconsistent with the "service of sentence" sequence contemplated in K.S.A. 21-4720(b). As mentioned, that statute provides that in cases where consecutive sentences may be imposed by the sentencing judge "the offender shall not begin to serve the on-grid sentence until paroled from the off-grid sentence."

In conclusion, we must acknowledge that by legislative action, the district court's power to modify sentences on remand is now far more limited than it was before the enactment of the KSGA. Barring the need to alter a nonvacated sentence as a matter of law, the district court may only modify the vacated sentence.

We remand for resentencing and order the original 155-month concurrent sentences for counts 2 and 3 to be reinstated and to run concurrent with the new hard 25 sentence for premeditated first-degree murder.