NOT DESIGNATED FOR PUBLICATION

No. 119,348

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE E. MAXWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 26, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Dale E. Maxwell appeals the district court's refusal to classify his 1987 Kansas conviction for attempted aggravated burglary as a nonperson felony. We granted Maxwell's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), to which the State did not respond. After a review of the record, we affirm the district court.

In 2010, Maxwell pled guilty to three counts of aggravated indecent liberties with a child committed in 2007 and was sentenced to 351 months in prison. This sentence was based in part upon Maxwell's criminal history score of A, which was calculated by scoring five of Maxwell's prior felonies as person crimes. On October 2, 2017, following

the Kansas Supreme Court's opinion in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), Maxwell filed a motion to correct illegal sentence, alleging that his criminal history score had been incorrectly calculated. Before the district court, the State conceded that Maxwell's prior Missouri burglary conviction and two Kansas burglary convictions, which were committed prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA), were incorrectly scored as person felonies. With only two prior person felonies in Maxwell's criminal history instead of five, this had the result of lowering his criminal history score from A to B. However, at the resentencing hearing, Maxwell claimed that his 1987 Kansas attempted aggravated burglary conviction should be classified as a nonperson felony as well, which would further reduce his criminal history score to C. The district court rejected this argument, found Maxwell's revised criminal history score to be B, and resentenced him to 334 months in prison.

On appeal, Maxwell reprises his argument before the district court that his sentence is illegal because it is based on an improper scoring of his criminal history. Maxwell specifically contends that his prior 1987 Kansas attempted aggravated burglary conviction should be scored as a nonperson felony because he only attempted to commit aggravated burglary. Determining the legality of a sentence is a question of law subject to our unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

Maxwell's argument flies in the face of K.S.A. 21-4711(g), now codified as K.S.A. 2017 Supp. 21-6811(g), which dictates that any prior felony conviction which is an attempt crime is to be treated as a person or nonperson crime in accordance with the designation of the underlying crime, which in this case is aggravated burglary. However, at the time Maxwell attempted to commit aggravated burglary in 1987, which was prior to the enactment of the KSGA, the crime of aggravated burglary was not classified as either a person or nonperson crime. See K.S.A. 21-3716 (Ensley 1988). Our Supreme Court solved this classifying problem by dictating that any pre-KSGA convictions were to be scored as a person or nonperson crime in accordance with the comparable Kansas

2

offense in effect at the time the defendant committed his or her current crimes, which in this case was 2007. *State v. Keel*, 302 Kan. 560, Syl. ¶ 8, 357 P.3d 251 (2015); see also K.S.A. 2017 Supp. 21-6810(d)(2) (rule codified in current version of statute). The 2007 version of aggravated burglary is comparable, if not identical, to the 1987 version of aggravated burglary, and the 2007 version of aggravated burglary is classified as a person felony. Compare K.S.A. 21-3716 (Torrence 2007) with K.S.A. 21-3716 (Ensley 1988). Therefore, the district court did not err in classifying Maxwell's 1987 Kansas attempted aggravated burglary conviction as a person felony.

Affirmed.