NOT DESIGNATED FOR PUBLICATION

No. 119,258

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIGUEL SANCHEZ HERNANDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed October 4, 2019. Sentence vacated and remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Russell W. Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

PER CURIAM: Miguel Sanchez Hernandez appeals his 15-month sentence for criminal threat, alleging the district court improperly calculated his criminal history. He was sentenced using a criminal history classification B, based in part on a presentence investigation report that included a prior felony conviction in Texas for "Evading Arrest [with a] Vehicle." Hernandez' sole claim on appeal is that the presentence investigation report and the district court improperly classified this Texas conviction as a person felony. We agree with Hernandez that the Texas conviction should have been scored as a nonperson felony for criminal history purposes. We vacate Hernandez' sentence and remand for resentencing with this change to his criminal history.

1

Hernandez did not object to his criminal history score at sentencing, but that does not preclude this court from exercising appellate review of this issue. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) ("[A] legal challenge to the classification of a prior adjudication for purposes of lowering [a defendant's] criminal history score . . . can be raised for the first time on appeal."). The "[c]lassification of prior offenses for criminal history purposes involves interpretation of the [Kansas Sentencing Guidelines Act (KSGA)]; statutory interpretation is a question of law subject to unlimited review. Whether a district court's application of the KSGA violated constitutional rights presents a question of law subject to unlimited review. [Citations omitted.]" *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018); see *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

*Analysis*

Under the KSGA, a defendant's sentence is based on the severity of the current offense and his or her criminal history score. K.S.A. 2018 Supp. 21-6804(a). The severity level of the current offense is set by statute. Hernandez' criminal threat conviction was a level 9 felony. K.S.A. 2018 Supp. 21-5415(c)(1). The criminal history score is based on the defendant's prior convictions, including out-of-state convictions. See K.S.A. 2018 Supp. 21-6809; K.S.A. 2018 Supp. 21-6811(e).

Neither party disputes that Hernandez' Texas conviction was properly considered a felony for criminal history purposes pursuant to K.S.A. 2018 Supp. 21-6811(e)(2)(A). The issue is whether it should have been classified as a person felony. To determine whether an out-of-state conviction is a person felony, K.S.A. 2018 Supp. 21-6811(e)(3) instructs that "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas

2

does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime."

Although the 2019 Kansas Legislature made extensive amendments to K.S.A. 21-6811, it did not express any intent that those amendments should be construed or applied retroactively. See L. 2019, ch. 59, § 13. Furthermore, neither party argues that the 2019 amendments to K.S.A. 21-6811 should apply to this case. As such, we will not construe, apply, or otherwise address the 2019 amendments in this opinion.

Appellate court analysis regarding how to define "comparable offense" under the statute has evolved over the years. However, since *Wetrich* was decided on March 9, 2018, the analysis is clearly controlled by *Wetrich*. The case holds:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, within the meaning of K.S.A. 2017 Supp. 21-6811(e)(3) . . . , the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. 552, Syl. ¶ 3.

Although *Wetrich* was decided a few weeks after Hernandez' sentencing, he is entitled to appellate review under this change of law. See *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019). Because this is a direct appeal, rather than a collateral attack, Hernandez gets the benefit of any change in the law—in this case the holding in *Wetrich*—occurring while his appeal is pending. See *Murdock*, 309 Kan. at 591-92.

Therefore, this court must compare the Texas statute to the most similar statute in Kansas at the time Hernandez' crime of conviction was committed to determine whether they were sufficiently "comparable" under the test of *Wetrich*. If the prior crime of conviction under the Texas statute is comparable to the 2013 crime of conviction in

3

Kansas that is designated as a person offense, then the court must classify the prior crime as a person offense for purposes of calculating criminal history.

Hernandez' presentence investigation report stated he was convicted for felony "Evading Arrest [with a] Vehicle" under Tex. Penal Code Ann. § 38.04(b)(2) (West 2015). That statute provides:

> "(a) A person commits [this] offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.
>
> "(b) An offense under this section is a Class A misdemeanor, except that the offense is:
>
> . . . .
>
> (1) a state jail felony if the actor has been previously convicted under this section;
>
> (2) a felony of the third degree if:
>
> (A) the actor uses a vehicle while the actor is in flight;
>
> (B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
>
> (C) the actor uses a tire deflation device against the officer while the actor is in flight; or
>
> (3) a felony of the second degree if:
>
> (A) another suffers death as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
>
> (B) another suffers serious bodily injury as a direct result of the actor's use of a tire deflation device while the actor is in flight.
>
> "(c) In this section:
>
> (1) 'Vehicle' has the meaning assigned by Section 541.201, Transportation Code.
>
> (2) 'Tire deflation device' has the meaning assigned by Section 46.01." Tex. Penal Code Ann. § 38.04 (West 2015).

4

The relevant Kansas statute for comparison purposes is K.S.A. 2013 Supp. 8-1568, which states in relevant part:

"(a)(1) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop for a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1), (2) or (3).

(2) Any driver of a motor vehicle who willfully otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1), (2) or (3).

(3) It shall be an affirmative defense to any prosecution under paragraph (1) of this subsection that the driver's conduct in violation of such paragraph was caused by such driver's reasonable belief that the vehicle or bicycle pursuing such driver's vehicle is not a police vehicle or police bicycle.

"(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who: (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or

(2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(4).

"(c)(1) Violation of subsection (a), upon a first conviction is a class B nonperson misdemeanor.

(2) Violation of subsection (a), upon a second conviction is a class A nonperson misdemeanor.

(3) Violation of subsection (a), upon a third or subsequent conviction is a severity level 9, person felony.

(4) Violation of subsection (b) is a severity level 9, person felony."

5

To summarize, a violation of K.S.A. 2013 Supp. 8-1568(a), upon a first or second conviction, is a nonperson misdemeanor, but a violation of K.S.A. 2013 Supp. 8-1568(b) is a person offense. K.S.A. 2013 Supp. 8-1568(c)(4). Given the issue presented is whether the district court erred in classifying his prior Texas conviction as a person offense for purposes of calculating criminal history, we will limit our comparability analysis to K.S.A. 2013 Supp. 8-1568(b).

Under K.S.A. 2013 Supp. 8-1568(b), the State must prove that, in addition to failing to stop, the driver was fleeing or attempting to elude and failed to stop for a police road block, drove around a tire deflating device placed by a police officer, engaged in reckless driving, was involved in motor vehicle accident or intentionally caused damage to property, committed five or more moving violations, or was attempting to elude capture for the commission of any felony. K.S.A. 2013 Supp. 8-1568(b), (c).

Under Tex. Penal Code Ann. § 38.04(b)(2) (West 2015), Hernandez was convicted of

(a) Intentionally fleeing from a person he knew was a peace officer or federal special investigator who was lawfully attempting to arrest or detain him *and*

(b)(2)(A) Hernandez used a vehicle while fleeing

*or*

(b)(2)(B) Another person suffered serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend Hernandez while he was in flight

*or*

(b)(2)(C) Hernandez used a tire deflation device against the officer while he was in flight.

6

The only subsection of (b)(2) involving a vehicle is subsection (A), using a vehicle while fleeing. This is the same type of conduct criminalized by K.S.A. 2013 Supp. 8-1568(a)(2), which, without any other facts, is a misdemeanor. K.S.A. 2013 Supp. 8-1568(c)(1). Notably, the violations described in subsections (b)(2)(B) and (b)(2)(C) of the Texas statute are not violations under K.S.A. 2013 Supp. 8-1568. Although K.S.A. 2013 Supp. 8-1568 (b)(1)(B) prohibits *a person who is fleeing from driving around tire deflating devices placed by a police officer*, the corresponding provision in the Texas statute prohibits *the person who is fleeing from using a tire deflation device against the officer* while in flight. And there is no provision in K.S.A. 2013 Supp. 8-1568 (b) that corresponds to the provision in the Texas statute describing circumstances under which another person suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing.

Based on the discussion above, we find the elements of the crime set forth in Tex. Penal Code Ann. § 38.04(b)(2) (West 2015) are broader than the elements of K.S.A. 2013 Supp. 8-1568(b), which is the only subsection of the Kansas statute that is classified as a person offense upon a first or second conviction. Therefore, the Texas prior conviction fails the *Wetrich* comparability test.

In sum, we hold that the prior conviction for violation of Tex. Penal Code Ann. § 38.04(b)(2) was not comparable to the Kansas person offense of fleeing and eluding under K.S.A. 2013 Supp. 8-1568(b). The district court's decision to classify Hernandez' prior Texas conviction as a person offense is reversed, and Hernandez' sentence is vacated, and the matter is remanded, for the purpose of recalculating Hernandez' criminal history score and resentencing him accordingly.

Sentence vacated and remanded with directions.