NOT DESIGNATED FOR PUBLICATION

No. 120,853

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY EUGENE SAMUELS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed May 1, 2020. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and BRUNS, JJ.

PER CURIAM: Corey Eugene Samuels appeals his sentence. He contends that his Missouri kidnapping conviction should not have been scored as a person felony for criminal history purposes because the Missouri kidnapping statute is broader than the Kansas kidnapping statute. We are not so persuaded and affirm his sentence.

Samuels pled guilty to:

- Aggravated intimidation of a witness, a severity level six person felony;

1

- aggravated domestic battery, a severity level seven person felony; and
- two counts of violation of a protective order, a class A person misdemeanor.

Over his objection, the district court decided Samuels' criminal history score was A. His three convictions that were classified as person felonies included a 2005 Missouri conviction for kidnapping. The court sentenced him to a total prison term of 46 months.

On appeal, Samuels contends the 2005 Missouri kidnapping conviction should have been scored as a nonperson crime because certain elements of the Missouri kidnapping statute are broader than the Kansas kidnapping statute, citing the identical-or-narrower test established in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018).

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

In Kansas, a defendant's sentence is determined by the severity level of the crime and the defendant's criminal history score. The defendant's prior out-of-state convictions are classified as felonies or misdemeanors according to the out-of-state jurisdiction's classification. See K.S.A. 2018 Supp. 21-6811(e)(2). The prior convictions are then designated as "person" or "nonperson" to determine the defendant's criminal history score.

To make that designation, we compare the out-of-state crime to a similar Kansas offense. In designating an out-of-state crime as person or nonperson, a court is to look to:

"comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was

2

committed, the out-of-state crime shall be classified as a nonperson crime." K.S.A. 2018 Supp. 21-6811(e)(3).

In *Wetrich*, our Supreme Court instructed courts to apply an identical-or-narrower test:

"For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, within the meaning of K.S.A. 2017 Supp. 21-6811(e)(3) . . . the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. 552, Syl. ¶ 3.

Even though the Legislature made extensive changes to K.S.A. 21-6811 in July 2019, it did not express an intent for the amendments to be construed or applied retroactively. L. 2019, ch. 59, § 13. And neither party argues the 2019 amendments should apply here. Both parties agree that the identical-or-narrower test applies to this case because *Wetrich* was decided before Samuels was sentenced, and this is his direct appeal. *Wetrich* was decided on March 9, 2018. Samuels was sentenced on February 6, 2019.

Mo. Rev. Stat. § 565.110 (2004) is the Missouri statute that Samuels was convicted under:

"A person commits the crime of kidnapping if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his or her consent for a substantial period, for the purpose of
(1) Holding that person for ransom or reward, or for any other act to be performed or not performed for the return or release of that person; or
(2) Using the person as a shield or as a hostage; or
(3) Interfering with the performance of any governmental or political function; or
(4) Facilitating the commission of any felony or flight thereafter; or

(5) Inflicting physical injury on or terrorizing the victim or another."

The Kansas kidnapping statute has not changed since Samuels committed his current crimes—between April 2018 and April 2019. Our statute reads:

"(a) Kidnapping is the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person:

(1) For ransom, or as a shield or hostage;

(2) to facilitate flight or the commission of any crime;

(3) to inflict bodily injury or to terrorize the victim or another; or

(4) to interfere with the performance of any governmental or political function.

"(b) Aggravated kidnapping is kidnapping, as defined in subsection (a), when bodily harm is inflicted upon the person kidnapped.

"(c)(1) Kidnapping is a severity level 3, person felony.

(2) Aggravated kidnapping is a severity level 1, person felony." K.S.A. 2019 Supp. 21-5408.

The district court must compare the elements of the two statutes:

| Mo. Rev. Stat. § 565.110 (2004) | K.S.A. 2019 Supp. 21-5408 |
|---|---|
| **unlawfully** removes another **without his or her consent** from the place where he or she is found or **unlawfully** confines another **without his or her consent** for a substantial period, for the purpose of | taking or confining of any person, **accomplished by force, threat or deception,** with the intent to hold such person: |
| (1) Holding that person for ransom **or reward, or for any other act to be performed or not performed for the return or release of that person** | (1) For ransom |
| (2) Using the person as a shield or as a hostage | or as a shield or hostage |
| (3) Interfering with the performance of any governmental or political function | (4) to interfere with the performance of any governmental or political function |

4

| | |
|---|---|
| (4) Facilitating the commission of any felony or flight thereafter | (2) to facilitate flight or the commission of any crime |
| (5) Inflicting physical injury on or terrorizing the victim or another | (3) to inflict bodily injury or to terrorize the victim or another |

The district court found the two statutes were "essentially identical" except that the Missouri statute was narrower because of the "without his or her consent" and "substantial period" language.

Samuels contends that the phrase "without his or her consent" in the Missouri statute is broader than the phrase "by force, threat or deception" in the Kansas statute. He uses the example of an infant being sent to the wrong floor in a hospital to prevent the Kansas Department for Children and Families from taking a DNA sample to determine paternity. He argues the taking of a victim in Missouri does not have to be accomplished by force, threat, or deception—and the Missouri statute is broader.

Taking the opposite view, the State contends the lack of consent is presumed within the Kansas statute.

We start with a comparison of these elements:

| Mo. Rev. Stat. § 565.110 (2004) | K.S.A. 2019 Supp. 21-5408 |
|---|---|
| **unlawfully** removes another **without his or her consent** from the place where he or she is found or **unlawfully** confines another **without his or her consent** for a substantial period, for the purpose of | taking or confining of any person, **accomplished by force, threat or deception,** with the intent to hold such person: |

The elements are not identical. Thus, the question becomes whether the Missouri language is narrower than the Kansas language. Is there a way to unlawfully remove or

confine another person without his or her consent that would not be accomplished by force, threat, or deception? We fail to see a way.

Samuels' infant example is not persuasive. Infants cannot move themselves. That scenario could be force or deception depending on how it played out. Child kidnapping is a different offense in Missouri. See Mo. Rev. Stat. § 565.115 (2004). Samuels was convicted of kidnapping.

The Kansas statute appears broader because a person could be taken by deception *with* his or her consent.

Samuels further contends that the phrase "for any other act to be performed or not performed for the return or release of that person" in the Missouri statute is broader than the phrase "for ransom" in the Kansas statute. He contends "ransom" in Kansas is solely monetary. In his reply brief, he asks us to apply the rule of lenity. The State contends ransom in Kansas is not limited to monetary consideration.

Again, the elements are:

| Mo. Rev. Stat. § 565.110 (2004) | K.S.A. 2019 Supp. 21-5408 |
|---|---|
| (1) Holding that person for ransom **or reward, or for any other act to be performed or not performed for the return or release of that person** | (1) For ransom |

The elements do not appear identical. The Missouri element is broader. But we must go deeper into the meaning of the word "ransom." We must decide whether the wording "or reward, or for any other act to be performed or not performed for the return or release of that person" in the Missouri statute is superfluous and redundant.

Black's Law Dictionary defines ransom as "1. Money or other consideration demanded or paid for the release of a captured person or property. See kidnapping. 2. The release of a captured person or property in exchange for payment of a demanded price." Black's Law Dictionary 1511 (11th ed. 2019). "Consideration" means "Something (such as an act, a forbearance, or a return promise) bargained for and received by a promisor from a promisee; that which motivates a person to do something." Black's Law Dictionary 382 (11th ed. 2019).

Merriam-Webster's Dictionary defines ransom as "a consideration paid or demanded for the release of someone or something from captivity." Merriam-Webster's Dictionary (Online ed. 2020). "Consideration" means "an act or forbearance or the promise thereof done or given by one party in return for the act or promise of another." (Online ed. 2020).

Given these definitions, we interpret the term "ransom" in the Kansas statute to encompass a reward and any other act to be performed or not performed for the return or release of a person. The elements are therefore identical.

We note that the Missouri kidnapping statute is divisible—it comprises multiple, alternative versions of the crime. It would have been permissible for the district court to look at certain documents—such as the charging document—to determine under which subsection of the Missouri statute Samuels was convicted. See *State v. Obregon*, 309 Kan. 1267, 1274, 444 P.3d 331 (2019). If Samuels was convicted under any of the subsections (2)-(5) of Mo. Rev. Stat. § 565.110 (2004), then the different ransom language would be a nonissue.

Affirmed.

7