NOT DESIGNATED FOR PUBLICATION

No. 123,819

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SKYLER PAEGLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed April 15, 2022. Affirmed in part, reversed in part, sentence vacated in part, and case remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., POWELL and CLINE, JJ.

PER CURIAM: This is an appeal by Skyler Darga Paegle claiming that the district court had no authority to increase his sentence on his nonprimary conviction (count two) when his case was remanded for resentencing. He is correct. Paegle also claims the court erred when it denied his motion to withdraw his no-contest pleas just because he had not filed a written motion. He is correct. Because of these errors, we must vacate his sentence for count two and reverse and remand with directions.

1

*The case history shows several charges resolved through negotiations and the entry of no-contest pleas.*

Paegle was charged with four counts of rape, four counts of aggravated criminal sodomy, four counts of aggravated indecent liberties with a child, and four counts of endangering a child. After negotiations with the State, he pleaded no contest to two counts of aggravated indecent liberties with a child, and the State dismissed the remaining charges.

Before sentencing, Paegle moved to withdraw his no-contest pleas, arguing that he did not understand the plea bargain or his right to a jury trial. Paegle said his pleas were not freely and willingly made. At sentencing, Paegle testified that when he entered his pleas, he was not taking his medication for schizophrenia and bipolar disorder because he was "unstable in jail" and being defiant.

The district court denied Paegle's motion to withdraw his pleas and proceeded with sentencing. Both parties recommended a sentence of about 15 years and revealed that was part of the plea agreement. The district court found that Paegle's criminal history score was A. The court sentenced Paegle to 233 months for count one and 59 months for count two, to be served consecutively. Paegle's combined sentence was 292 months' imprisonment.

1.  *First Appeal*

In his first appeal Paegle raised two issues: (1) The district court abused its discretion in finding that he knowingly and voluntarily entered his pleas and understood the consequences of his pleas; and (2) the district court erred in counting a prior Indiana conviction as a person felony. The panel affirmed the district court's denial of Paegle's motion to withdraw his pleas but agreed that Paegle's criminal history score may be

2

incorrect and remanded for resentencing. *State v. Paegle*, No. 119,999, 2019 WL 5849826, at *1 (Kan. App. 2019) (unpublished opinion).

2. *Resentencing*

Before resentencing, Paegle filed a motion for departure. In the motion he stated that as part of the plea agreement, the State and defense recommended a 15-year sentence at his first sentencing hearing. But the district court sentenced him to about 24 years. Paegle asked the district court to sentence him to 15 years or grant him probation.

At resentencing, the State recommended the standard sentence of 216 months for count one and 59 months for count two. The State said this followed the original plea agreement. The State asserted that there was never an agreement that Paegle would serve 15 years and nothing in the transcript supported that this was the agreement.

After the defense asked for a 15-year sentence, Paegle testified that he was told that was part of his plea agreement. Paegle told the court if he was not going to "get [his] 15 years," he wanted to withdraw his pleas and continue to trial. The court told Paegle it would move forward with sentencing because Paegle's case had been to this court and back, and there was no motion to withdraw pleas on file.

The district court found that Paegle's criminal history score was B and sentenced him to 228 months for count one, 61 months for count two, and ordered them to run consecutive—289 months' imprisonment in total. The district court then explained to Paegle that no matter what sentence the State agrees to recommend, the court is allowed to deviate from the recommended sentence as long as the sentence is in accordance with Kansas law. The district court said this was explained to Paegle when he entered his pleas.

Paegle appeals his sentence, raising two arguments: (1) The district court erred in increasing his sentence on count two; and (2) the court erred in denying his motion to withdraw his pleas at resentencing. We will address those issues in that order.

*The court had no authority to modify the sentence for count two.*

Paegle argues the district court erred in increasing his sentence on count two from 59 to 61 months because his case was remanded due to an error in his criminal history. He says because the nonprimary offense was not affected by his criminal history score, the district court lacked authority to modify his sentence. The State agrees.

Under the ruling in *State v. Warren*, 307 Kan. 609, 613, 412 P.3d 993 (2018), a district court has no authority to modify a sentence that was not vacated on appeal. The *Warren* court held that the enactment of the Kansas Sentencing Guidelines Act abrogated the common-law rules that afforded judges discretion in resentencing defendants. 307 Kan. at 613.

Count two was not affected by the criminal history error since that applied only to the primary offense. So when this court vacated Paegle's sentence for count one and remanded for resentencing, the district court had no authority to modify the sentence for count two.

Thus, we vacate Paegle's sentence for count two and remand the case to the district court with directions to impose the original 59-month consecutive prison sentence on count two in accordance with *Warren*.

*The district court erred in summarily denying Paegle's motion to withdraw his pleas.*

Paegle argues that the district court erred in denying his motion to withdraw his pleas simply because no written motion had been filed. He seeks our reversal and a remand to the district court for a hearing so the motion can be decided on the merits.

The statute governing plea withdrawals is clear. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2020 Supp. 22-3210(d)(1). Nothing in the statute requires a written motion to be filed before a court can consider it. In other statutes the Legislature has explicitly required particular motions to be in writing. For example, K.S.A. 22-3216(2) directs that a motion to suppress illegally seized evidence shall be in writing.

Paegle also argues that he met the requirements of the general statute on motions. That statute says a "motion must: (A) Be in writing, unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." K.S.A. 2020 Supp. 60-207(b). After all, Paegle

- made his request during a hearing;
- stated the grounds for seeking the order;
- was not getting the benefit of his plea deal; and
- stated the relief sought—withdrawal of his pleas.

The district court erred by denying Paegle's oral motion to withdraw his pleas because there was no motion on file. There is no requirement in K.S.A. 2020 Supp. 22-3210(d)(1) that a motion to withdraw a plea be in writing.

Under the circumstances, there was no time for Paegle to file a written motion to withdraw his pleas due to the State's representation of their plea agreement at the

resentencing hearing. The way to cure this error is to reverse and remand for a hearing on the merits of Paegle's motion to withdraw his pleas.

When we take a closer look at the court's ruling, we find no reason to affirm it. The proper analysis for summarily denying a motion to withdraw plea is to decide whether the motion, records, and files conclusively show that the defendant is entitled to no relief. *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018). There is no indication in the record that the district court employed this analysis or considered the merits of Paegle's oral motion.

Paegle moved to withdraw his pleas after he learned that the State was not upholding its agreement to recommend a 15-year sentence. At the original sentencing hearing, both parties suggested that Paegle should receive a 15-year sentence. The State provided the following recommendation:  "Recommend standard sentence with the sentences run consecutively pursuant to the plea agreement. And I believe that works out to about fifteen years which is what our agreement was. Maybe just a little less." The defense said the agreement was that Paegle would get 15 years and the State did not correct that statement.

The State argues that the district court was correct in summarily denying the motion to withdraw pleas. It complains that Paegle is raising the 15-year sentence issue for the first time 3 years after sentencing. The State also notes that Paegle never filed a postsentence motion to withdraw pleas despite not receiving a 15-year sentence. The State points out that at the original sentencing, the parties requested the standard sentence. And, that there was no discussion at arraignment or sentencing of a departure or modified sentence. In sum, the State argues that the district court knew about this "history" and did not need a hearing on Paegle's motion to withdraw pleas.

6

Some facts the State points out—that the parties recommended the standard sentence of 15 years and never mentioned a departure—tend to support Paegle's argument that there was an issue with his pleas and a hearing is required. In fact, the lack of a departure motion filed before the first sentencing suggests that counsel mistakenly believed the presumptive sentence was 15 years. Despite the 15-year recommendation by both parties, Paegle's presumptive sentence was 292 months. The lowest sentence the district court could have given Paegle without a motion to depart was 221 months, which is over 18 years.

The State's argument fails to persuade us. We must reverse and remand this issue to the district court as well.

We affirm Paegle's sentence for count one. We vacate his sentence for count two, remand for resentencing, and direct the district court to impose the original 59-month consecutive prison sentence for count two. We also reverse and direct the district court to consider Paegle's motion to withdraw pleas.

Affirmed in part, reversed in part, sentence vacated in part, and case remanded with directions.