NOT DESIGNATED FOR PUBLICATION

No. 128,825

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAFAEL PEREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed January 30, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM: This is Rafael Perez' second appeal in this case. He first appealed his convictions of attempted second degree murder, aggravated battery, two counts of criminal discharge of a firearm, aggravated assault, and criminal possession of a firearm by a convicted felon. Each conviction was affirmed except for his criminal possession of a firearm conviction, which was reversed and remanded because the district court failed to obtain a sufficient jury trial waiver from Perez. On remand, the State agreed to dismiss the criminal possession of a firearm charge and the district court reduced Perez' sentence by nine months. After Perez appealed again, this court granted his motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). For the reasons set forth in this opinion, we conclude that the district court appropriately modified Perez' sentence. Thus, we affirm.

1

FACTS

The facts material to the limited issue presented in this appeal are undisputed. After a jury convicted Perez of attempted second degree murder and multiple other criminal offenses, a panel of this court affirmed each of his convictions except for a conviction of criminal possession of a firearm by a convicted felon. Because the district court failed to obtain a sufficient jury trial waiver, the criminal possession of a firearm conviction was reversed and remanded for further proceedings. *State v. Perez*, No. 125,215, 2024 WL 2233042, at *16 (Kan. App. 2024) (unpublished opinion).

On remand, the State moved to dismiss the criminal possession of a firearm charge and the district court granted the motion. As a result, the district court determined that Perez' sentence should be reduced by nine months. Consequently, the district court modified the controlling sentence from 338 months to 329 months. In reaching this decision, the district court explained:

> "[T]he counts were all run consecutive so the defendant was ordered to serve nine months on Count 7, criminal possession of a firearm, that count essentially no longer exists for sentencing purposes, so the nine month sentence that was assessed on that count is now no more and that nine months will be reduced or the overall sentence of 338 months will be reduced by nine months to 329 months. That sentence will be still standing as originally ordered with the only change being the length of that sentence."

Thereafter, Perez timely appealed.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in reducing Perez' sentence from 338 months to 329 months after the State dismissed the remanded charge of criminal possession of a firearm by a convicted felon. Although Perez cites several cases relating to a district court's duty to follow the mandates issued by the

2

appellate courts on remand, he offers no argument in support of his assertion that the district court erred by reducing his sentence after the reversal of his criminal possession of a firearm conviction. In response, the State contends that the district court acted appropriately in reducing Perez' sentence.

Our review of a district court's compliance with a mandate issued by our court is unlimited. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018). Generally, a district court's authority to modify a sentence on remand is limited to the conviction or convictions that were reversed or the sentences that were vacated. 307 Kan. at 615; see *State v. Guder*, 293 Kan. 763, Syl. ¶ 3, 267 P.3d 751 (2021) ("The Kansas Sentencing Guidelines Act does not grant district courts the authority to modify sentences following remand unless the primary conviction was reversed on appeal."). Here, it is undisputed that a panel of this court reversed and remanded Perez' conviction for criminal possession of a firearm by a convicted felon. This was not the primary conviction. It is also undisputed that the State decided not to pursue this charge on remand, and it was subsequently dismissed. Further, it is undisputed that Perez was originally ordered to serve a nine-month sentence—consecutive to his other sentences for the convictions affirmed in the previous appeal—for his criminal possession of a firearm conviction.

Under these circumstances, we find that the district court appropriately modified Perez' controlling sentence by the number of months he was previously ordered to serve for the criminal possession of a firearm conviction. We also find the modification to be consistent with the mandate of this court in the previous appeal. As the district court explained, because the previous panel reversed his criminal possession of a firearm conviction as well as that the State was no longer pursuing the charge on remand, it was proper to reduce Perez' sentence for the time he was ordered to serve on that conviction. Accordingly, we affirm Perez' modified sentence.

Affirmed.

3