NOT DESIGNATED FOR PUBLICATION

No. 126,812

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*

v.

RODNEY FOSNIGHT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Labette District Court; STEVEN A. STOCKARD, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed in part, vacated in part, and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Alan Brereton*, deputy county attorney, and *Kris W. Kobach*, attorney general, for appellant.

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM: A jury sitting in Labette County District Court convicted Rodney Fosnight of multiple sex crimes against a pair of 16-year-old girls he picked up and plied with alcohol. On appeal, Fosnight asserts the district court erred in finding the highly inculpatory statements he made to a Labette County Sheriff's detective were voluntary and thus admissible in the trial. He also asserts the district court improperly relied on a juvenile adjudication of his for rape to enhance his sentence for the rape conviction in this case. Fosnight fails on his first point, but his sentencing challenge has merit. We,

1

therefore, affirm his convictions, vacate his sentence for rape, and remand to the district court with directions for resentencing.

FACTUAL AND PROCEDURAL HISTORY

Because Fosnight has not challenged the sufficiency of the evidence supporting the convictions, we offer a highly condensed account of the underlying facts, recognizing that the parties are familiar with the trial record. In April 2022, T.K. and K.Z. approached a Parsons police officer and told him that the day before, Fosnight invited them to ride around with him in his truck. According to the girls, Fosnight drove to a liquor store and bought beer and other alcoholic beverages. The three then drove to a secluded area. Fosnight directed the girls to engage in sexual conduct with each other. They complied. He then joined them in the backseat of the truck and engaged in sex acts with each of them.

Based on their account, another Parsons police officer stopped and arrested Fosnight. The officer smelled alcohol on Fosnight's breath and found a still-cold six-pack of beer in his truck with two cans missing. Because the encounter T.K. and K.Z. described occurred outside the city limits of Parsons, the officers handed off the case to Sheriff's Detective Shannon Vail. Vail conducted videotaped interviews of T.K. and K.Z. He then questioned Fosnight. Fosnight acknowledged engaging in sexual activity with the girls but suggested they had consented. T.K. and K.Z. were adamant they had not agreed to any sexual contact with Fosnight.

The jury heard evidence over three days in January 2023. T.K., K.Z., and Det. Vail, among others, testified as State's witnesses. The State also introduced the videotaped statements from the girls and Fosnight's videotaped interrogation. Fosnight neither testified in his own defense nor called any other witnesses. The jury convicted Fosnight of two counts each of aggravated human trafficking and furnishing alcoholic

2

beverages to a minor for illicit purposes and one count each of rape, aggravated criminal sodomy, and aggravated sexual battery of K.Z. The jury found him not guilty of the rape and aggravated sexual battery of T.K.

At a later sentencing hearing, the district court designated the conviction for the rape of K.Z. as the primary crime of conviction. Given Fosnight's undisputed criminal history score of B, the conviction, as a severity level 1 person felony, carried a presumptive guidelines sentence of between 554 and 618 months in prison. The district court relied on Fosnight's 1974 juvenile adjudication for rape to double his presumptive sentence as a persistent sex offender under K.S.A. 21-6804(j). The district court ordered Fosnight to serve 1,236 months in prison on the rape conviction. And it imposed aggregate terms of 509 months on the other convictions to be served concurrently with each other and with the sentence for the rape conviction. Fosnight has duly appealed.

LEGAL ANALYSIS

On appeal, Fosnight has raised two issues. First, he challenges the district court's ruling allowing Det. Vail's interrogation of him to be presented to the jury. Second, he disputes the legal propriety of the district court using his juvenile adjudication to double his controlling sentence for rape. We take those points up in that order and add factual and procedural background for each, as necessary.

*Admission of Interrogation*

Before trial, Fosnight filed a motion for a *Jackson v. Denno* hearing to determine the voluntariness of his statements to Det. Vail. The district court denied the motion. Fosnight lodged an objection at trial, preserving the issue for appellate review.

An involuntary statement is one that is not the product of the defendant's free will. *Townsend v. Sain*, 372 U.S. 293, 308, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992); *State v. Fernandez-Torres*, 50 Kan. App. 2d 1069, 1075-76, 337 P.3d 691 (2014). A defendant's involuntary statements made to government agents may not be admitted as evidence at trial because their involuntariness renders them inherently unreliable. *Kansas v. Ventris*, 556 U.S. 586, 590, 129 S. Ct. 1841, 173 L. Ed. 2d 801 (2009); *Jackson v. Denno*, 378 U.S. 368, 376, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964). To do otherwise would contravene a defendant's rights against self-incrimination and due process protected in the Fifth and Fourteenth Amendments to the United States Constitution. *Ventris*, 556 U.S. at 590; *Dickerson v. United States*, 530 U.S. 428, 433, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000); *State v. Schultz*, 289 Kan. 334, 342-43, 212 P.3d 150 (2009).

The voluntariness of a defendant's statement to law enforcement officers depends upon the totality of the circumstances, although the appellate courts have developed a nonexclusive set of factors to be considered. We have set out the governing principles this way:

> "The ultimate issue is whether the statements reflect the product of a free and independent will, *i.e.*, did the individual act voluntarily? See *State v. Gilliland*, 294 Kan. 519, Syl. ¶¶ 3, 4, 276 P.3d 165 (2012); *State v. Stone*, 291 Kan. 13, 21, 237 P.3d 1229 (2010); *State v. Shumway*, 30 Kan. App. 2d 836, 841-42, 50 P.3d 89, *rev. denied* 274 Kan. 1117 (2002). In short, the district court must examine the totality of the circumstances surrounding the making of the statements. Among the factors to be considered in assessing voluntariness are: '(1) the accused's mental condition; (2) the duration and manner of the interrogation; (3) the ability of the accused on request to communicate with the outside world; (4) the accused's age, intellect, and background; (5) the fairness of the officers in conducting the interrogation; and (6) the accused's fluency with the English language.' *Gilliland*, 294 Kan. 519, Syl. ¶ 3; see *Stone*, 291 Kan. at 21. A government agent may induce an involuntary statement through improper threats of

4

harm, promises of benefit, a combination of the two, or other undue influence over the suspect. *Hutto v. Ross*, 429 U.S. 28, 30, 97 S. Ct. 202, 50 L. Ed. 2d 194 (1976); *State v. Brown*, 286 Kan. 170, 174, 182 P.3d 1205 (2008). . . .

> "Voluntariness ultimately must be determined holistically. So a consideration or factor favoring the State does not directly negate another one favoring the defendant and vice versa—the outcome does not depend on a tally of factors for each side. Each relevant factor, likewise, should not be assessed in isolation. The collective effect of the circumstances drives the assessment. See *Randolph*, 297 Kan. at 326; *Stone*, 291 Kan. at 25." *Fernandez-Torres*, 50 Kan. App. 2d at 1075-76.

The State bears the burden of proving the voluntariness of the defendant's statements by a preponderance of the evidence. *State v. Randolph*, 297 Kan. 320, 326, 301 P.3d 300 (2013). Proceedings for that purpose are commonly referred to as *Jackson v. Denno* hearings, borrowing the name of one of the leading United States Supreme Court cases on the issue.

Here, Det. Vail testified as the State's only witness at the voluntariness hearing. The State also admitted the videotape of the interrogation as an exhibit. Fosnight did not testify or otherwise present evidence. The thrust of his challenge rested on the argument he was too intoxicated to fully appreciate or understand Det. Vail's questioning of him. After hearing the evidence and reviewing the videotape, the district court issued a short written decision finding that Fosnight's statements to Det. Vail were voluntary. The written decision mentions the factors outlined in the caselaw and without any specific discussion finds they favor the State. Likewise, the district court did not directly address Fosnight's claim of intoxication. But the district court found that Det. Vail's questioning was "conducted in a casual, non-aggressive manner" and that Fosnight appeared "relaxed and comfortable" and voiced no complaints other than mentioning the room seemed cold. Those findings tend to undermine Fosnight's claim of intoxication, if only by negative inference.

On appeal, we apply the well-known bifurcated standard giving deference to the district court's findings of fact supported in the evidence and reviewing without deference whether those findings support the ultimate legal conclusion. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016); *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007). Here, the evidence presented at the hearing was essentially undisputed, so the issue on appeal boils down to a question of law. *Patterson*, 304 Kan. at 274 (if operative facts are undisputed, issue on appeal functionally becomes question of law); *State v. Mejia*, 58 Kan. App. 2d 229, 231-32, 466 P.3d 1217 (2020) (when material facts are undisputed, issue presents question of law; no deference due district court).

The record supports the district court's finding that Det. Vail's questioning of Fosnight was low-key and businesslike. The interrogation lasted about an hour. There were no threats, promises, or raised voices. Fosnight was exceptionally forthcoming with details of the encounter with T.K. and K.Z. At the outset of the interview, Fosnight asked for a beer and a cigarette—a request Det. Vail declined. Fosnight made no other requests and did not ask to contact anyone during the questioning. As the district court noted, he suggested the room was cold. Det. Vail said it seemed okay to him.

Pertinent here, Fosnight did not complain that he was intoxicated or otherwise unable to understand what was going on. Det. Vail secured a *Miranda* waiver from Fosnight. In his motion to suppress and on appeal, Fosnight has not disputed the legal sufficiency of his *Miranda* waiver. Det. Vail testified he saw no outward signs Fosnight was under the influence of alcohol. The videotape shows Fosnight answering questions promptly, clearly, and rationally. Missing are recognized indicators of intoxication such as slurred speech or an inability to readily respond to inquiries or directions. Fosnight was an adult fluent in English and with more than a passing familiarity with the criminal justice system, as his criminal history and some of his comments at the outset of the interrogation indicate.

In sum, we find no error in the district court's decision denying Fosnight's *Jackson v. Denno* motion. The hearing evidence well establishes his statements to Det. Vail were voluntary and understandingly made. And, in turn, they were properly admitted at trial for the jury's consideration.

*Sentencing Fosnight as a Persistent Sex Offender*

Under K.S.A. 2021 Supp. 21-6804(j)(2)(B), defendants convicted of rape and who have a previous conviction for rape face double the presumptive guidelines sentence as "persistent sex offender[s]." The district court relied on that provision to double Fosnight's guidelines sentence for the rape of K.Z. based on his juvenile adjudication for rape. Fosnight has appealed that determination. The district court erred as a matter of law in treating Fosnight as a persistent sex offender.

The Kansas Supreme Court held in *State v. Boyer*, 289 Kan. 108, Syl. ¶ 3, 209 P.3d 705 (2009), that a juvenile adjudication could not be used to invoke the persistent sex offender special rule in K.S.A. 21-4704(j), the predecessor to K.S.A. 21-6804(j) applicable to Fosnight, to double the sentence for a current conviction for a covered sex crime. The two statutes are legally indistinguishable. As the court explained, the statute refers to convictions alone and does not mention juvenile adjudications. Elsewhere in the sentencing statutes, the Legislature refers to both, thereby showing it knows how to include both when it intends to. That intent cannot be found in either K.S.A. 21-4704(j) or K.S.A. 21-6804(j). See 289 Kan. at 116. On appeal, the State properly concedes this point on the authority of *Boyer*.

The parties, however, disagree on the remedy. The State suggests that on remand, the district court can reconsider its decision to run the remaining sentences concurrent with each other and with the sentence for rape as the primary crime of conviction. Fosnight counters that the district court may impose a lawful sentence on the rape

7

conviction but cannot disturb its earlier decision to run the other sentences concurrent. This aspect of the issue is controlled by *State v. Warren*, 307 Kan. 609, Syl. ¶¶ 1-2, 412 P.3d 993 (2018), and favors Fosnight's position. The district court may modify only the vacated sentence for rape. Ordering the other—lawfully imposed—sentences to run consecutive to each other or to the modified sentence for rape would impermissibly modify those sentences. 307 Kan. at 613-14. They must remain concurrent sentences.

*Conclusion*

We affirm the district court's ruling denying Fosnight's *Jackson v. Denno* motion and, therefore, uphold his convictions. We vacate the sentence imposed for Fosnight's conviction of rape and remand for the district court to impose a lawful sentence on that charge. In doing so, the district court may not modify the remaining sentences to run some or all of them consecutive to each other or to the new sentence on the rape conviction.

Affirmed in part, vacated in part, and remanded with directions.